508 So.2d 287 (1986)
Lawrence C. UTLEY
v.
STATE.
1 Div. 129.
Court of Criminal Appeals of Alabama.
September 9, 1986.
Rehearing Denied October 14, 1986.
On Return to Remand May 26, 1987.
James H. Lackey, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and J. Elizabeth Kellum, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
Lawrence C. Utley was convicted on a 12-count indictment charging sodomy and sexual abuse of several children, in violation of §§ 13A-6-63 and 13A-6-66, Code of Alabama 1975. He was also convicted on two counts of rape in violation of § 13A-6-61, Code of Alabama 1975.
Utley, who had been convicted of two prior felonies (burglaries), came to live with his uncle two months before the alleged occurence giving rise to these charges. The state's evidence tended to show that he and his uncle would pick up some children after school, bring them to the uncle's house, have them disrobe, and cause them *288 to perform sexual acts. The lawyer for appellant Utley has filed an Anders[1] brief regarding the six counts of sodomy and six counts of sexual abuse. However, as to the conviction on the two counts of rape, he points out that there was no evidence of penetration. The only remark found in the record bearing on the element of penetration by either of the young females was that the defendant tried to achieve penetration but did not. There was no medical or other evidence offered to prove penetration. The closest testimony other than that already recited on this element of the offense is that each of the two young girls testified that the accused had "hurt them" between their legs.
The jury in this case had the option of finding the accused guilty of attempted rape of these two nine-year-old girls but instead found him guilty of rape. If there is any evidence of rape from which the jury might be convinced beyond a reasonable doubt of his guilt, then the conviction should be affirmed. We find that the facts are insufficient to prove penetration. There is, however, ample evidence of an attempt to commit rape, a lesser included offense. Section 13A-1-9, Code of Alabama 1975.
This is the same situation in which we found ourselves in Pack v. State, 461 So.2d 910 (Ala.Cr.App.1984). There, the jury convicted the accused of breaking and entering a vehicle, but the facts supported only a finding of an attempt to break and enter. In that case we reversed the conviction for breaking and entering. We then directed the trial court to enter a judgment of guilty on the lesser included offense of attempted breaking and entering.
In Edwards v. State, 452 So.2d 506 (Ala. Cr.App.1983) (on rehearing), aff'd, 452 So.2d 508 (Ala.1984), this court, relying on Dickenson v. Israel, 644 F.2d 308 (7th Cir. 1981), stated:
"[S]ince the jury returned a verdict on the higher degree, it found the existence of every element of the lesser included offense.... [S]tate and federal appellate courts have inherent authority to reverse a conviction while at the same time ordering an entry of judgment on a lesser included offense." 452 So.2d at 507.
We find again "that remanding for an entry of judgment of guilty on the lesser included charge and for resentencing is the correct course to fulfill the demands of justice." Edwards, supra, at 508.
We therefore affirm appellant's six convictions of sodomy. We affirm his convictions on six counts of sexual abuse. We reverse the two convictions of rape in the first degree; and remand this case with instructions that the trial court enter judgments of guilty of attempted rape and sentence appellant accordingly.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
On remand, the trial court set aside the two convictions of rape in the first degree and found the appellant guilty on two counts of attempted rape. He was sentenced to 20 years' imprisonment in each case to run concurrent with sentences previously imposed. The trial court has fully complied with our directions and the judgment of the circuit court is affirmed.
OPINION EXTENDED;
AFFIRMED.
All the Judges concur.
NOTES
[1] Where counsel has acted in the role of an active advocate in behalf of his client and has supported his client's appeal to the best of his ability, then if counsel finds his case to be wholly frivolous, after a conscientious examination, he may so advise the court and request permission to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).