The appellant, Michael Bernard Ayers, was convicted of escape in the first degree, a violation of § 13A-10-31, Code of Alabama *Page 720 
1975; rape in the first degree, a violation of §13A-6-61(a)(1), Code of Alabama 1975; and two counts of sodomy in the first degree, in violation of § 13A-6-63(a)(1), Code of Alabama 1975. He was sentenced to a term of 10 years in the penitentiary for the escape conviction and 25 years' incarceration each for the rape and sodomy convictions. The sentences for rape and sodomy are to run concurrently with each other and consecutively with the 10-year sentence imposed for the escape conviction.
The evidence presented at trial tended to show that the appellant was an inmate at the Decatur Work Release Facility. On April 26, 1990, he walked away from his work release employer and went to a nearby housing project. That night, he went to a local hotel in an effort to obtain cash. After trying several room doors and finding them locked, he came to the room occupied by the victim. She had left the door slightly ajar because she had the only key to the room and her roommate, who had no key, was scheduled to return later that night. The appellant entered the room and proceeded to repeatedly rape and sodomize the victim. After a period of time, the victim fled naked from the room and ran down the hall, where she was aided by other guests at the hotel. The appellant also came out of the room, but when he did, the door closed, thereby locking his clothes within. He then ran away. The victim was taken to the hospital where an examination revealed no anal or vaginal trauma.
On April 28, 1990, the appellant returned to the hotel lobby and asked the clerk to call a taxi. The clerk recognized that the appellant fit the description of the rapist and notified the police. The appellant was arrested in the lobby of the hotel. After his arrest, the appellant gave a statement to the police admitting the attack.
 I
The appellant contends that it was error for the trial court to deny his motion for judgment of acquittal. Specifically, he maintains that the state failed to prove forcible compulsion, an essential element of both the rape and sodomy charges. The appellant, relying on § 13A-6-60(8), Code of Alabama 1975, asserts that "earnest resistance" on the part of the victim must be demonstrated before the element of forcible compulsion is deemed proven.
The element of forcible compulsion is an essential element for both rape in the first degree and sodomy in the first degree. See § 13A-6-61(a)(1) and § 13A-6-63(a)(1), respectively. Section 13A-6-60(8) defines forcible compulsion as: "[p]hysical force that overcomes earnest resistance or a threat, express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." (Emphasis added.) This court has determined that there are "two kinds of forcible compulsion. First, forcible compulsion may be that physical force which overcomes earnest resistance. Second, forcible compulsion may be a threat, either express or implied, that places a person in fear of immediate death or serious physical injury to himself or another person." Rider v. State, 544 So.2d 994, 996
(Ala.Cr.App.), cert. denied, 544 So.2d 997 (Ala. 1989).
There was evidence presented at trial to support a finding that the victim was threatened by the appellant to the extent that she believed that serious physical injury would ensue if she resisted. The appellant twisted the victim's arm behind her back to control her movements around the hotel room. Furthermore, the appellant threatened to "use a curling iron" on the victim if she did not stop crying, after which he proceeded to have anal intercourse with her for a second time.
"When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit the case for the jury to determine the weight it will give the evidence." Sullivan v. State, 441 So.2d 130, 135
(Ala.Cr.App. 1983). Because the state did present evidence of forcible compulsion pursuant to § 13A-6-60(8), Code of Alabama 1975, we find that the trial court correctly denied the appellant's motion for judgment of acquittal. *Page 721 
 II
The appellant also contends that the trial court erred in refusing to give his requested jury charge on the lesser included offense of sexual misconduct under § 13A-6-65, Code of Alabama 1975. He relies on Ex parte Cordar, 538 So.2d 1246
(Ala. 1988), for the proposition that in rape cases where the victim exhibits no external signs of trauma and otherwise fails to scream or resist her attacker, then the jury must be charged on the lesser included offense of sexual misconduct.
As stated above, there are two ways to show forcible compulsion. The first is physical force which overcomes earnest resistance. This is the means of showing forcible compulsion that our Supreme Court addressed in Cordar. The second way forcible compulsion may be demonstrated is by a threat, either express or implied, that places a person in fear of serious physical injury or death. This second way of showing forcible compulsion is the form demonstrated in the present case. Therefore, Cordar is readily distinguishable from the case at hand.
Only where there is a rational theory from the evidence to support a verdict on the lesser offense may the court charge the jury with respect to the lesser included offense. §13A-1-9(b), Code of Alabama 1975. See also Ingram v. State,570 So.2d 835 (Ala.Cr.App. 1990). In the present case, the evidence does not support a verdict of sexual misconduct. According to §13A-6-65, Code of Alabama 1975, sexual misconduct is defined as follows:
 "(a) A person commits the crime of sexual misconduct if:
 "(1) Being a male, he engages in sexual intercourse with a female without her consent, under circumstances other than those covered by sections 13A-6-61 [rape in the first degree] and 13A-6-62 [rape in the second degree]; or with her consent where consent was obtained by the use of any fraud or artifice; or
 "(2) Being female, she engages in sexual intercourse with a male without his consent; or
 "(3) He or she engages in deviate sexual intercourse with another person under circumstances other than those covered by sections 13A-6-63 [sodomy in the first degree] and 13A-6-64 [sodomy in the second degree].
Consent is no defense to a prosecution under this subdivision. (Emphasis added.)
There was no evidence presented at trial which suggested that the appellant's attack on the victim took place undercircumstances other those defined as rape in the first degreeor sodomy in the first degree. Therefore, under the facts of this case, the appellant was not entitled to a jury charge on the offense of sexual misconduct.
 III
The appellant finally contends that he was denied due process of law when the district attorney advised the chief investigating officer in charge of the case that he had the option of not talking with defense counsel prior to trial. However, the appellant never presented this issue to the trial court either through motion or objection. Appellate review is limited to matters that are raised at trial in a timely and correct manner. Maul v. State, 531 So.2d 35 (Ala.Cr.App. 1987). Also, grounds for objection not specified at trial are deemed waived. Moss v. State, 545 So.2d 230 (Ala.Cr.App. 1989). Therefore, the appellant failed to preserve this issue for our review.
For the reasons stated herein, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 722