BOWEN, Presiding Judge.
Willie A. Swain was convicted for the first degree rape of his 11-year-old daughter and was sentenced to 21 years’ imprisonment. That conviction must be reversed because the State failed to prove the element of penetration.
“Sexual intercourse” is an essential element of rape in the first degree. See Ala.Code 1975, § 13A-6-61(a). “Such term has its ordinary meaning and occurs upon any penetration, however slight; emission is not required.” Ala.Code 1975, § 13A-6-60(1). “The crime of rape requires proof of an actual penetration of the female sex organ by the male sex organ.” Freeman v. State, 555 So.2d 196, 201 (Ala.Cr.App.1988), affirmed, 555 So.2d 215 (Ala.1989), cert. denied, 496 U.S. 912,110 S.Ct. 2604,110 L.Ed.2d 284 (1990).
The State admits that “[t]he only evidence offered by the State concerning penetration was the statement of the victim at trial.” Appellee’s brief at 4. The victim testified that the appellant “[t]ook all my clothes off and st[u]ck his private between my legs.” R. 32. On direct examination, she testified:
“Q. All right. On that occasion do you know whether or not his male organ penetrated inside to your female organ?
“A. All I know, it was hurting.” R. 33.
On cross-examination, the victim stated: “Then he took his privates and put between my legs, and it was hurting.” R. 37.
In his statement to the sheriffs deputy, the appellant claimed that he “went in [the victim’s] bed[room] and got her out of the bed and laid her on the floor and took off her clothes and laid on top of her for a while and then just got off her. That’s what happened.” R. 74-75. He claimed that his penis “was laying on her — I don’t know exactly where it was laying but it was laying on her.” R. 76. He specifically denied placing his penis in the victim’s vagina.
We fully recognize that “[t]he nature of the penetration that is essential for a rape conviction need not be proved in any particular form of words.” Swint v. State, 455 So.2d 285, 287 (Ala.Cr.App.1984). See also Fisher v. State, 480 So.2d 6, 7-8 (Ala.Cr.App.1985). Yet, we equally recognize that “[a] possibility, even a probability, that the crime occurred in the way the State alleges is not enough to support a conviction, because ‘[mjere possibility, suspicion, or guesswork, no matter how strong, will not overturn the presumption of innocence.’ Ex parte Williams, 468 So.2d 99, 101 (Ala.1985).” Ex parte Clark, 591 So.2d 23, 25 (Ala.1991).
While the appellant’s conviction for rape in the first degree is reversed because the State failed to prove the element of penetration, that same evidence shows without question that the appellant is guilty of sexual abuse in the first degree as defined by Ala. Code 1975, § 13A-6-66(a)(3). Therefore, the *699 appellant’s conviction for first degree rape is reversed and this cause is remanded with directions that the trial court set aside the appellant’s conviction and sentence for rape in the first degree, adjudicate the appellant guilty of sexual abuse in the first degree, and sentence the appellant for the Class C felony of sexual abuse in the first degree. Compare Utley v. State, 508 So.2d 287, 288 (Ala.Cr.App.1986). Within 60 days from the date of this opinion, the trial court shall file a return in this Court evidencing the implementation of these directions.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
All Judges concur.