We granted the State's certiorari petition in this rape case to determine whether the Court of Criminal Appeals' holding that the State failed to prove penetration conflicts with prior decisions of this Court and of the Court of Criminal Appeals.
Willie A. Swain was indicted for the offense of rape in the first degree of his 11-year-old daughter. See § 13A-6-61(a)(3), *Page 700 
Ala. Code 1975. A jury convicted Swain on that charge, and he was sentenced to 21 years in the penitentiary. The Court of Criminal Appeals reversed the conviction, holding that the State failed to produce sufficient evidence to prove penetration. Swain v. State, 629 So.2d 697 (Ala.Cr.App. 1993). The Court of Criminal Appeals found, however, that the "evidence show[ed] without question that the appellant was guilty of sexual abuse in the first degree as defined by Ala. Code 1975, § 13A-6-66(a)(3)," and, therefore, remanded the case with directions to the trial court to set aside the conviction for rape in the first degree and to adjudicate Swain guilty of sexual abuse in the first degree. 629 So.2d at 698-99.
The State argues that it produced sufficient evidence of penetration to support the jury's verdict finding rape in the first degree. We agree.
The record shows the following evidence: The victim testified that, after taking her from her bed and placing her on the floor, Swain "[t]ook all my clothes off and stick [sic] his private between my legs." In response to the prosecutor's question, "[D]o you know whether or not his male organ penetrated inside to your female organ?" the victim testified, "All I know it was hurting." Swain made a statement to the investigating officer, Michael Hubbard, of the Talladega Sheriffs Department; the statement was presented to the jury, and it contained Swain's account of the events:
 "Swain: . . . I went in her bed[room] and got her out of the bed and laid her on the floor and took off her clothes and laid on top of her for a while and then just got up off her. That's what happened.
"Hubbard: You went in her bedroom?
"Swain: Yeah.
"Hubbard: You took her out of her bed?
"Swain: Yeah.
"Hubbard: You took her clothes off?
 "Swain: She got out [of] the bed, and I didn't really take her out — she — she — got out [of] the bed herself.
"Hubbard: Okay, did you take her clothes off?
"Swain: Yeah.
"Hubbard: All right. What did you have on?
"Swain: I had on some shorts, underwear.
"Hubbard: Did you take them off?
"Swain: Yeah.
 "Hubbard: And [your] penis was lying between her legs was it not?
 "Swain: It was lying on her — I don't know exactly where it was laying but it was laying on her.
"Hubbard: Did you touch her anywhere?
"Swain: I kissed her.
 "Hubbard: You kissed her? You didn't touch her between the legs with your hands?
"Swain: No.
"Hubbard: But you laid on top of her.
"Swain: Yeah.
 "Hubbard: On the floor — neither one of you had any clothes on, did you?
"Swain: No.
 "Hubbard: And when you were laying on her did your — your penis was laying between her legs was it not?
"Swain: I really don't know where it was laying.
 "Hubbard: Did you put it — did you stick it in her?
"Swain: No.
"Hubbard: You didn't put your penis in her vagina?
"Swain: No.
 "Hubbard: But you laid on top of her and both of you were naked?
"Swain: Yeah.
"Hubbard: What did you do when you got up?
"Swain: I just got up and left out."
The Court of Criminal Appeals held that the State had failed to prove penetration. We disagree. Whether there was actual penetration, "some degree of entrance of the male organ [of the defendant] within the labia pudendum [of the victim]," is a question of fact for the jury. Seales v. State, 581 So.2d 1192,1193-94 (Ala. 1991). Penetration can be established by circumstantial evidence and "does not have to be proved by *Page 701 
the use of any particular words." Patrick v. State,495 So.2d 112, 115 (Ala.Cr.App. 1986). The standard of appellate review of the sufficiency of the evidence was stated in Seales:
 " 'Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt. . . .
 " 'The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to examine the welter of evidence to determine if there exists any reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged.' "
Seales, 581 So.2d at 1193 (quoting Dolvin v. State,391 So.2d 133, 137-38 (Ala. 1980)).
Based on the evidence in the record, we find that the victim's testimony that Swain had "stuck" his penis between her legs and that it hurt is sufficient evidence from which the jury could have inferred that Swain had actually penetrated the victim's labia pudendum. Moreover, the jury heard Swain's statement regarding his actions on the night in question and could have found that statement not believable, thus excluding that explanation of the circumstantial evidence from its deliberations on the issue of penetration. Therefore, we reverse the judgment of the Court of Criminal Appeals, which was based on a holding that the State had failed to prove penetration, and we remand this case to that court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, STEAGALL and KENNEDY, JJ., concur.
MADDOX, ALMON and ADAMS, JJ., dissent.