ON APPLICATION FOR REHEARING
This court's opinion of May 6, 1994, is withdrawn and the following is substituted therefor.
The appellant, Jerome Stokes, was found guilty of rape in the first degree, a violation of § 13A-6-61, Code of Alabama 1975. He was sentenced to 25 years' imprisonment.
The state's evidence tended to show that the victim was raped on July 23, 1992. The victim testified that she gave the appellant her telephone number when he gave her a ride home. Later on that day, he was to take the victim and a friend to a shopping mall. After he picked up the victim and while they were on the way to pick up the victim's friend, the appellant stopped the car and told the victim that he wanted to have sex with her. She testified that the appellant then drove onto a dirt road, where he stopped the car and once again told the victim he wanted to have sex with her. The victim said that she got out of the car and tried to walk away and that the appellant pulled her back into the car, pulled off her clothes, and had sexual intercourse with her against her will and without her consent.
 I
The appellant first contends that the trial court erred in denying his motion based on Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Batson held that black venire-members could not be struck from a black defendant's jury because of their race. 476 U.S. at 89, 106 S.Ct. at 1719. In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991), the Court extended its decision in Batson to apply also to white defendants. Batson was further extended to apply to civil cases in Edmonson v. Leesville Concrete Co.,500 U.S. 614, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). The United States Supreme Court in Georgia v. McCollum, ___ U.S. ___,112 S.Ct. 2348, 120 L.Ed.2d 33 (1992), held that the protections ofBatson were also applicable to defense counsel in criminal trials. The Alabama Supreme Court has held that the protections of Batson apply to the striking of white prospective jurors.White Consolidated Industries, Inc. v. American LibertyInsurance Co., 617 So.2d 657 (Ala. 1993). Batson was recently extended to include gender-based strikes in J.E.B. v. Alabama, ___ U.S. ___, 114 S.Ct. 1419, 128 L.E.2d 89 (1994).
A defendant claiming a Batson violation must make a prima facie showing that the prosecution used its peremptory strikes in a discriminatory manner. Jackson v. State, 594 So.2d 1289
(Ala.Cr.App. 1991). Only when the defendant establishes facts and circumstances that raise an inference of discrimination must the state give its reasons for its peremptory strikes.Carter v. State, 603 So.2d 1137 (Ala.Cr.App. 1992).
While this case was pending on rehearing, the Alabama Supreme Court released Ex *Page 1181 parte Thomas, docket no. 1921804, May 20, 1994.* In Thomas, the Alabama Supreme Court noted that a prima facie case of discrimination can be established "[s]olely on the fact that a prosecutor used a large number of his peremptory challenges to strike black veniremembers." 1994 WL 476117 at *13, n. 1. InThomas, the Alabama Supreme Court overruled prior cases that held that " '[w]hen the evidence shows only that blacks were struck and that a greater percentage of blacks sat on the jury than sat on the lawfully established venire, an inference of discrimination has not been created.' [Harrell v. State,] 571 So.2d [1270] at 1271 [(Ala. 1990), cert. denied, 499 U.S. 984
[111 S.Ct. 1641, 113 L.Ed.2d 736] (1990)]." Thomas, 1994 WL 476117 at *5. In our previous opinion, this court, affirming the court's denial of the Batson motion, relied on Harrell. Thus, on rehearing this court will consider the effect of Thomas on the facts of this case.
In this case, the trial court found that the appellant failed to establish a prima facie case of discrimination. The record does not reflect how the state's strikes were used or how many blacks ultimately served on the jury. The only evidence presented by the appellant in support of his Batson motion was that the state struck 5 of the 18 blacks on the 27-member venire.
There is no indication in the record that the court denied the Batson motion solely because a greater percentage of black jurors sat on the jury than on the venire. In fact, the record does not show the racial composition of the jury. As the Alabama Supreme Court stated in Thomas, "A circuit court's ruling on a Batson objection is entitled to great deference, and we will reverse a circuit court's Batson findings only if they are clearly erroneous." 1994 WL 476117 at *6.
Based on the record before us, we find that the circuit court's ruling that the appellant failed to establish a prima facie case of discrimination was not "clearly erroneous."
 II
The appellant also contends that the trial court erred in denying his motion for a judgment of acquittal. Although he concedes that a prima facie case of rape was established by the victim's testimony, he argues that medical testimony provided by the state's witness, which showed that the victim had no physical injuries, proved that the appellant did not have the requisite intent to commit first degree rape. The appellant contends that the following question and answer illustrate that he did not have the intent to commit rape:
 "[Defense counsel]: Did you notice any type of injury such as her neck being swollen, any scratches, any places where she might have been slapped, pushed?
 "[Dr. Krohn]: No, there were no apparent injuries . . . to the body that I have documented.
Rape in the first degree does not require proof of specific intent. See King v. State, 574 So.2d 921 (Ala.Cr.App. 1990). However, forcible compulsion is an element of rape in the first degree. This court has recognized two kinds of forcible compulsion: (1) physical force that overcomes earnest resistance and (2) an express or implied threat that places a person in fear of immediate death or serious physical injury to himself or to another person. Ayers v. State, 594 So.2d 719
(Ala.Cr.App. 1991); § 13A-6-60(8), Code of Alabama 1975.
There was evidence presented at trial to support a finding that the appellant threatened the victim with serious physical injury. The victim testified that the appellant pulled her into the car against her will, pulled her clothes off, and told her to stop fighting or he would hurt her and she would "never see home again."
"When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit the case to the jury to determine the weight it will give the evidence." Ayers 594 So.2d at 720. We hold that the state presented *Page 1182 
sufficient evidence of forcible compulsion. The trial court correctly denied the appellant's motion for a judgment of acquittal.
 III
The appellant also contends that the prosecutor's use of the terms "rape kit" or "sexual abuse kit" invaded the province of the jury and prejudiced the jury against him.
The appellant has failed to show how the use of the term "rape kit" prejudiced him. In order to warrant reversal of a conviction, an appellant must show that the error "complained of has probably injuriously affected [his] substantial rights. . . ." Rule 45, A.R.App.P. After due consideration of the record, briefs, and arguments of counsel, we find no error.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
All the Judges concur.
* Note from the reporter of decisions: On September 2, 1994, the Alabama Supreme Court withdrew its May 20 opinion in Ex parteThomas and substituted another one. See 1994 WL 476117 (Ala. 1994).
 *Page 1