TAYLOR, Presiding Judge.
The appellant, Robert Jeffrey Ringelstein, was convicted of criminal mischief in the second degree, a violation of § 13A-7-22, Code of Alabama 1975. He was sentenced to three months in the county detention facility, which sentence was suspended for two years, conditioned on his good behavior and the payment of restitution and court costs. He raises only one issue on appeal.
The appellant contends that the trial court erred in denying his motion for a judgment of acquittal and his motion for a new trial on the charge of criminal mischief in the second degree. Specifically, he argues that the state failed to prove each and every element of the crime of criminal mischief.
The state’s evidence tended to show that the appellant caused damage to a rental automobile owned by Shoals Ford. Dena Bro-adfoot, the appellant’s ex-wife, testified that on March 9, 1995, she, the appellant, their son, and her father were in the rental automobile. Broadfoot testified that an argument ensued between her and Ringelstein that led to her taking him to his grandmother’s house. The appellant was on crutches because of a knee injury and upon exiting the automobile he became angered and attempted to remove their son from his child restraint seat. Broadfoot told the appellant that she needed to leave. She further testified that as she moved the automobile in an attempt to get away, the appellant began beating the passenger side door and hood of the vehicle with his metal crutch. Jason Johnson, an employee of Shoals Ford, testified that his company had rented Broadfoot a Ford Tempo automobile. He stated that when the car was returned to Shoals Ford there were three or four dents in the hood that looked “like major hail damage” and that the passenger side of the front door was dented.
§ 13A-7-22, states in pertinent part:
“(a) A person commits the crime of criminal mischief in the second degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount which exceeds $250.00 but does not exceed $1,000.00.”
(Emphasis added.)
In order to prove a violation of § 13A-7-22, Code of Alabama 1975, the state must prove four elements:
(1) Actual damage to the property by the accused;
(2) The accused’s intention to damage the property;
(3) That the accused had no right to damage the property or any reasonable ground to believe that he or she had such a right; and
(4) Damage in excess of $250 but not in excess of $1,000 or damage inflicted by an explosion.
See Ex parte G.G., 601 So.2d 890, 892 (Ala.1992).
At trial, Broadfoot testified that her insurance policy covered the repairs to the car and that she paid a deductible of $250; however, she offered no evidence to prove that the damage to the automobile exceeded $250. Although Broadfoot stated that she had gotten an estimate of what it would cost *246 to repair the damage to the automobile, she did not offer evidence of that estimate at trial or any other physical proof of the dollar amount of damage. Johnson testified at trial that Shoals Ford repaired the automobile and that Broadfoot’s mother wrote them “a large, pretty large check.” A review of the record reveals that a police report and a complaint against Ringelstein was entered into evidence, neither of which contained the amount of monetary damage. We must conclude that the state did not sufficiently prove the dollar amount of the damage to sustain a conviction for criminal mischief in the second degree.
However, there was sufficient proof to support a charge of criminal mischief in the third degree. Criminal mischief in the third degree is a lesser included offense of criminal mischief in the first degree, because the former may be established by proof of damages to property in an amount not exceeding $250. Ala.Code 1975, § 13A-7-23. See also Smith v. State, 518 So.2d 174 (Ala.Cr.App.1987). In Utley v. State, 508 So.2d 287 (Ala.Cr.App.1986), this court, quoting Edwards v. State, 452 So.2d 506 (Ala.Cr.App.1983), aff'd, 452 So.2d 508 (Ala.1984), stated:
‘“[Sjince the jury returned a verdict on the higher degree, it found the existence of every element of the lesser included offense .... [S]tate and federal appellate courts have inherent authority to reverse a conviction while at the same time ordering an entry of judgment on a lesser included offense.’ 452 So.2d at 507.”
Utley, 508 So.2d at 288.
Although, the state’s evidence supported a conviction for third degree criminal mischief, the trial court’s failure to instruct on the lesser included offense prohibits this court from setting aside the conviction and ordering the trial court to find the appellant guilty of criminal mischief in the third degree. The trial judge’s instruction clearly stated that the jury had only two choices, either to find the appellant “not guilty or guilty of criminal mischief, second degree.” We are bound by the Alabama Supreme Court’s ruling in Ex parte Beverly, 497 So.2d 519 (Ala.1986), which stated:
“ ‘[I]t is clear that the appellant cannot be retried on any charge which stemmed from the crime for which he was indicted. The trial court could have submitted the case to the jury on the lesser included offenses and removed from their consideration the charge of assault with intent to murder. Since this was not done, the appellant will go unpunished on the instant charge.’”
Ex parte Beverly, 497 So.2d at 524, quoting Coleman v. State, 373 So.2d 1254, 1257-58 (Ala.Cr.App.1979) [1] This case should have been submitted to the jury on the lesser included charge of criminal mischief in the third degree. Because this was not done, we are forced to render a judgment in favor of the appellant. See also Ex parte Edwards, 452 So.2d 508 (Ala.1984); Collins v. State, 508 So.2d 295 (Ala.Cr.App.1987); Cowan v. State, 540 So.2d 99 (Ala.Cr.App.1988).
The appellant’s conviction for criminal mischief in the second degree is due to be, and it is hereby, reversed and a judgment rendered for the appellant.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur, except LONG, J., who recuses.

. Coleman was overruled to the extent that it contradicted the holding in Ex parte Beverly. The quote taken from Coleman was used to show that the trial court failed to charge the jury on the lesser included offense of criminal mischief in the third degree.