[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 969 
The appellant, Ernest C. Boyd, was convicted of rape in the first degree and kidnapping in the first degree, violations of Ala. Code 1975, § 13A-6-61 and § 13A-6-43, respectively. He was sentenced, as a habitual offender, to life in prison without parole.
 I.
The appellant contends that the trial court erred by denying his motion for a judgment of acquittal because, he says, the state failed to prove a prima facie case of rape in the first degree. Specifically, he argues that the state failed to prove that he had engaged in sexual intercourse with the victim because, he says, there was no direct evidence of penetration.
Section 13A-6-61(a)(1), Ala. Code 1975, provides as follows: "A male commits the crime of rape in the first degree if . . . [h]e engages in sexual intercourse with a female by forcible compulsion." "Sexual intercourse" is defined at § 13A-6-60, Ala. Code 1975, as having "its ordinary meaning and occur[ing] upon any penetration, however slight; emission is not required."
 "In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985). Furthermore, a judgment of conviction will not be set aside on the ground of insufficiency of the evidence unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to clearly convince the reviewing court that it was wrong and unjust. Jackson v. State, 516 So.2d 726 (Ala.Cr.App. 1985)."
Powe v. State, 597 So.2d 721, 724 (Ala. 1991).
The victim testified that as she was walking through a residential neighborhood on the afternoon of August 23, 1995, the appellant approached her from behind on a bicycle and attempted to grab her. Alarmed, the victim ran to the porch of a nearby house and began to yell for help. The appellant pursued the victim onto the porch. He then forced the victim off of the porch and pushed her to the side yard of the house, into an area partially obscured from the street and from neighboring houses by shrubbery and a wooden fence. The victim testified that as she screamed for help and struggled to get *Page 970 
away, the appellant pulled her shorts and underwear down to her ankles. Several times during the struggle, the victim said, she attempted to run from the side yard toward the street and into the view of any passersby. Each time, however, the appellant was able to trip her by grabbing her ankles, and he would drag her back into the side yard, away from the street. The victim testified that the appellant eventually was able to pin her down on the ground with his hand pressing against her neck. During the struggle, the appellant managed to completely remove the victim's shorts and underwear. He also unbuttoned and unzipped his own pants. The victim testified that the pressure from the appellant's hand against her neck prevented her from breathing and that, as a result, she blacked out. She stated that before she blacked out, she saw the appellant's pubic hair. When she regained consciousness — according to her estimate, 5 to 10 minutes later — the victim was able to escape from the appellant and to run for assistance.
When asked at trial whether the appellant had sexually penetrated her during the attack, the victim testified as follows:
 "I was unconscious, but I did feel that he had penetrated. There was soreness. There was wetness in my vaginal area. I didn't check to see how far it went up. There was — I felt as though something had been inside me like I do after I have sex."
(R. 152-53.)
Vaginal swabs and smears taken from the victim as part of a rape-kit examination after the incident proved negative for semen and spermatozoa. No evidence of the appellant's pubic hair was found on the victim. Evidence of spermatozoa was found on her shirt. The forensic scientist who tested the items received from the rape kit testified that semen would be found in the victim's vaginal cavity only if ejaculation had occurred and that if penetration but no ejaculation had occurred, there would be no evidence of semen in the vagina.
The appellant testified and claimed that the victim had approached him and had asked him for money or drugs in exchange for engaging in sex with her. He stated that she voluntarily went into the bushes by the house, lay on the ground, and pulled her panties down. He said that he then masturbated. He denied strangling the victim until she blacked out. He also denied having sexual intercourse with the victim and maintained that he never touched her "private part." (R. 182.)
A conviction for rape may be based solely on the victim's uncorroborated testimony. Smith v. State, 604 So.2d 434, 436
(Ala.Cr.App. 1992). Whether there is "actual penetration" is a question for the jury. Seales v. State, 581 So.2d 1192, 1193-94
(Ala. 1991). Furthermore, "penetration can be established by circumstantial evidence and 'does not have to be proved by use of any particular words.' " Swain v. State, 629 So.2d 699,700-01 (Ala. 1993), quoting Patrick v. State, 495 So.2d 112, 115
(Ala.Cr.App. 1986).
The testimony of the victim concerning her post-attack physical sensations of wetness and soreness in her vaginal area, which sensations, she said, were consistent with her prior experience of sexual intercourse, presented sufficient circumstantial evidence from which the jury could have inferred that actual penetration had occurred.[1]
Where the evidence raises questions of fact for the jury, which, if believed, would be sufficient to sustain a conviction, this court will not disturb the judgment based on the jury verdict. Walker v. State, 416 So.2d 1083
(Ala.Cr.App. 1982); Haggler v. State, 49 Ala. App. 259,270 So.2d 690 (1972). Absent clear and convincing evidence to the contrary, we will not reverse on appeal a judgment based on a jury's determination. Hoobler v. State, 668 So.2d 905
(Ala.Cr.App. 1995). This case does not present a situation warranting reversal. *Page 971 
 II.
The appellant also contends that the trial court erred by denying his motion for a judgment of acquittal because, he says, the state failed to prove a prima facie case of kidnapping in the first degree. Specifically, he argues that the state failed to prove the necessary elements of abduction and intent to inflict physical injury upon the victim or to violate or abuse her sexually.
"A person commits the crime of kidnapping in the first degree if he abducts another person with intent to . . . [i]nflict physical injury upon him, or to violate or abuse him sexually." § 13A-6-43(a)(4), Ala. Code 1975. Proof of the necessary intent may be shown by circumstantial evidence and may be inferred from the facts surrounding the incident. Owens v. State,531 So.2d 2, 13 (Ala.Cr.App. 1986), modified and remanded on other grounds, 531 So.2d 21 (Ala. 1987).
The term "abduct" is defined at § 13A-6-40(2), Ala. Code 1975, as follows:
 "To restrain a person with the intent to prevent his liberation by either:
 a. Secreting or holding him in a place where he is not likely to be found, or
 b. Using or threatening to use deadly physical force."
Applying the standard set forth in Part I of this opinion, we consider the relevant evidence in a light most favorable to the prosecution. Here, the victim testified that the appellant forced her to a side yard, into an area partially obscured by shrubbery and a wooden fence, where they were less likely to be seen or heard by passersby on the street or by residents of neighboring houses. The victim stated that each time she attempted to run from the side yard toward the street and into the view of anyone who might help her, the appellant would trip her and drag her back into the side yard, away from the street. The state presented photographs of the scene of the offense, and a police officer testified to the limited view from the street of the area of the attack. We find that sufficient evidence was presented from which the jury could determine that the area of the attack was a place where the victim was being "secreted or held," however briefly, so as not to be found. § 13A-6-40(2)(a). See Seay v. State, 479 So.2d 1338, 1341-42
(Ala.Cr.App.), cert. denied, 479 So.2d 1343 (Ala. 1985). Furthermore, there was evidence that the appellant attempted to use deadly force to restrain the victim. See § 13A-6-40(2)(b). "Deadly physical force" is defined at § 13A-1-2(10), Ala. Code 1975, as "[p]hysical force which, under the circumstances in which it is used, is readily capable of causing death or serious physical injury." The victim testified that during her physical struggle with the appellant, the appellant applied strong pressure against her neck with his hand, preventing her from breathing and causing her to lose consciousness. From this evidence, the jury could have reasonably inferred that the appellant's act of manual strangulation was "readily capable of causing death or serious physical injury." For these reasons, we find that sufficient evidence was presented of the element of abduction.
We further find that the state presented sufficient evidence of the appellant's intent to inflict physical injury or to violate or abuse the victim sexually. The victim testified that the appellant pushed her from the porch of a house, struggled with her as she tried to escape, strangled her to the point that she lost consciousness, removed her shorts and underwear, and unbuttoned and unzipped his own pants. " 'Where there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit the case for the jury to determine the weight it will give the evidence.' " Murphy v. State, 641 So.2d 1256, 1258
(Ala.Cr.App. 1993), quoting Ayers v. State, 594 So.2d 719, 721
(Ala.Cr.App. 1991).
The appellant's contention that the state failed to overcome the mitigating evidence of "voluntary safe release" is without merit. Section 13A-6-43(b), Ala. Code 1975, provides that "[a] person does not commit the crime of kidnapping in the first degree if he voluntarily releases the victim alive, and not suffering from serious physical injury, in a safe place prior to apprehension." The claim that the appellant voluntarily and safely *Page 972 
released the appellant is negated by testimony presented at trial that, after she was attacked by the appellant and upon regaining consciousness and fleeing from him, the victim was discovered running hysterically, partially clothed. There was no evidence that she was "released" by the appellant.
 III.
The appellant contends that the trial court erred by refusing to charge the jury on the lesser included offense of sexual abuse in the first degree.
 "A defendant accused of a greater offense is entitled to have the trial court charge on any lesser included offense if there is any reasonable theory from the evidence to support the lesser charge, regardless of whether the state or the defendant offers the evidence. Ex parte Pruitt, 457 So.2d 456 (Ala. 1984); Parker v. State, 581 So.2d 1211 (Ala.Cr.App. 1990), cert. denied, 581 So.2d 1216 (Ala. 1991). A court may properly refuse to charge on a lesser included offense only when (1) it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) the requested charge would have a tendency to mislead or confuse the jury. Anderson v. State, 507 So.2d 580 (Ala.Cr.App. 1987). . . . Section 13A-1-9(b) provides, 'The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.' "
Breckenridge v. State, 628 So.2d 1012, 1016 (Ala.Cr.App. 1993).
 "Although sexual abuse may be a lesser included offense of rape, Parker v. State, 581 So.2d 1211, 1214-15 (Ala.Cr.App. 1990), cert. denied, 581 So.2d 1216 (Ala. 1991), '[a] charge on the lesser-included offense should not be given when there is no reasonable theory from the evidence to support such a proposition. When the evidence clearly shows the appellant is either guilty of the offense charged, or innocent, the charge on a lesser-included offense is not necessary or proper.' Hollins v. State, 415 So.2d 1249, 1253 (Ala.Cr.App. 1982)."
Welch v. State, 630 So.2d 145, 146 (Ala.Cr.App. 1993).
Here, the appellant completely denied any sexual contact (as that term is defined in § 13A-6-60(3), Ala. Code 1975) with the victim and claimed that he merely masturbated in her presence; his position is inconsistent with his request for instructions on first degree sexual abuse, § 13A-6-66(a), Ala. Code 1975.[2] In addition to testifying that the appellant pulled off her shorts and underwear, that he unbuttoned and unzipped his pants, and that she saw his pubic hair before she lost consciousness, the victim testified that, after the attack, there was wetness and soreness in her vaginal area, that she felt that the appellant had penetrated her, and that she "felt as though something had been inside me like I do after I have sex." (R. 152-53.) In order for the jury to reach the conclusion that the appellant was guilty only of sexual abuse as a lesser included offense of rape in the first degree, it would have had to conclude both that the appellant was lying and that the victim's testimony should be discounted insofar as she stated that she felt she had been penetrated in a manner consistent with sexual intercourse. The jury would then have to somehow infer and speculate that what really happened was that the appellant committed some sort of sexual contact that caused the victim to experience the same sensation that she would have had had she been penetrated in a manner consistent with sexual intercourse, although no sexual intercourse was involved. While not impossible, such a scenario calls for substantial speculation and would not be derived from any evidence that was presented.
We agree with the state's argument that an instruction on sexual abuse would have been inappropriate because there was no evidence of sexual contact "other than that contained within the penetration which by definition made the appellant's *Page 973 
action rape in the first degree." (State's brief at 32.) An instruction on sexual abuse in the first degree would merely have encouraged the jury to reach a "compromise" verdict based on speculation. "Since the appellant denied that 'any act' between the parties occurred and since there was no 'reasonable theory' presented at trial to support a lesser offense, the trial court had no obligation to charge on a lesser offense."Kirksey v. State, 475 So.2d 646, 648 (Ala.Cr.App. 1985).
 IV.
The appellant contends that the trial court erred in its refusal to further define the term "penetration" at the request of the jury during its deliberations. This issue, however, was not preserved for review. The record reflects that the following discussion took place when the jury requested an additional instruction:
 "JUROR: [W]ould you please define 'penetration' again.
 "THE COURT: Penetration. I did not define penetration for you. In essence in the case I told you that penetration was the slightest penetration of the female vaginal organ was required, but emission was not required in the case.
". . . .
 "THE COURT: . . . It is penetration of the external genitalia is the definition. All right.
 "JUROR: By penetration, touching? Touching would be considered penetration?
 "THE COURT: It has got to be penetration, but however slight.
"JUROR: However, slight. Okay."
(R. 227-28.) No objection to the trial court's supplemental instruction was made by the appellant's counsel. Earlier, at the conclusion of the trial court's original jury charge, the only objections made by the appellant's counsel pertained to the court's refusal to charge the jury on several lesser included offenses.
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
Rule 21.2, Ala.R.Crim.P.
The appellant's contention that the trial court should have further defined "penetration" is procedurally barred. An alleged error in the court's oral charge cannot be raised for the first time on appeal. Ex parte Beavers, 598 So.2d 1320,1324 (Ala. 1992). See Brooks v. State, 630 So.2d 160, 163
(Ala.Cr.App. 1993). "[T]he trial court will not be put in error on grounds not assigned at trial." Ex parte Frith,526 So.2d 880, 882 (Ala. 1987); see Griffin v. State, 591 So.2d 547, 550
(Ala.Cr.App. 1991).
Based on the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
McMILLAN and BROWN, JJ., concur.
BASCHAB, J., concurs in part and dissents in part, with opinion.
COBB, J., joins BASCHAB, J., in her writing.
[1] We also consider the victim's testimony that the appellant pulled off her shorts and her underwear and that she saw the appellant unbuttoning and unzipping his own pants and saw his pubic hair before she lost consciousness.
[2] Section 13A-6-60(3) defines "sexual contact" as "[a]ny touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party."
Section 13A-6-66(a)(1) provides that "[a] person commits the crime of sexual abuse in the first degree if . . . [h]e subjects another person to sexual contact by forcible compulsion."