Anthony Boyd was convicted of intentional murder during a kidnapping, an offense made capital by § 13A-5-40(a)(1), Ala. Code 1975. By a vote of 10 to 2, the jury recommended the imposition of the death penalty; the trial court followed that recommendation, sentencing Boyd to death by electrocution. In a unanimous decision, the Court of Criminal Appeals affirmed Boyd's conviction and sentence. See Boyd v. State,715 So.2d 825 (Ala.Cr.App. 1997), for a recitation of the pertinent facts. This Court granted Boyd's petition for the writ of certiorari. Rule 39(c), Ala. R.App. P. We affirm Boyd's conviction and sentence.
In his petition, Boyd raises over 25 issues, almost all of which were addressed by the Court of Criminal Appeals in its opinion. It is necessary for this Court to further discuss only three issues: (1) whether the trial court should have excluded autopsy photographs of the victim's body, (2) whether the trial courts' kidnapping instruction was inadequate, and (3) whether the trial court's erroneous finding regarding Boyd's age at the *Page 854 
time be committed the offense warrants a remand for resentencing.
During the guilt phase of the trial, the prosecution sought to introduce autopsy photographs depicting the victim's body. Boyd objected to their admission, arguing that he had stipulated to the medical examiner's findings as to the cause and manner of the victim's death and that the photographs would be repetitious and inflammatory. In the presence of the jury, the district attorney responded to that argument by stating that he did not agree that the photographs lacked probative value; he stated:
 "[T]his is a capital case, and one of the elements may very well be as to whether or not it is especially heinous, atrocious or cruel as compared to other capital cases, not a gunshot wound. This is where they actually burned a man alive to death. We think those photographs are material."
After noting Boyd's objection for the record, the trial court admitted the photographs.
Before the Court of Criminal Appeals, Boyd argued that the photographs were unfairly prejudicial and not relevant to any issue in the guilt phase and therefore should not have been admitted. Relying upon its decision in Johnson v. State,620 So.2d 679 (Ala.Cr.App. 1992), rev'd on other grounds,620 So.2d 709 (Ala.), cert. den., 510 U.S. 905, 114 S.Ct. 285,126 L.Ed.2d 235 (1993), the Court of Criminal Appeals rejected Boyd's argument, concluding that the photographs had been properly admitted at the guilt phase because they illustrated and corroborated the coroner's testimony concerning the injuries and also corroborated the testimony of an accomplice.
Boyd argues that the Court of Criminal Appeals erred in deciding this issue because, he says, the Johnson case it relied upon is distinguishable; Boyd asserts that Johnson "only deals with cases where the state uses photographs for proper
reasons, and thus has no bearing on Mr. Boyd's case, where the evidence was used for an improper reason." Petitioner's brief at 2 (emphasis in original). Boyd stresses that the sole reason the prosecutor gave for offering the photographs was that they tended to show that the offense in this case was "especially heinous, atrocious or cruel as compared to other capital cases." That a capital offense was "especially heinous, atrocious or cruel compared to other capital offenses" is an "aggravating circumstance," see § 13A-5-49(8). Whether that aggravating circumstance exists is an issue properly raised at the penalty phase of a capital case. Boyd argues that the Court of Criminal Appeals could not consider the fact that the photographs tended to corroborate witnesses' testimony because at trial the State did not argue such a justification for admitting the photographs.
This Court has held that it is improper to elicit at the guilt phase of a capital trial evidence of a defendant's future dangerousness because such evidence, although relevant at the penalty phase, would tend only to confuse the jury in its consideration of whether the defendant was guilty of committing the offense. See Ex parte Berard, 486 So.2d 476 (Ala. 1985). We have also held that it is also inappropriate for a prosecutor to make similar arguments during his closing remarks in the guilt phase. See Ex parte Smith, 581 So.2d 531 (Ala. 1991). Thus, we might even assume that, if the autopsy photographs in the instant case had no probative value as to the issues raised at the guilt phase, the trial judge should have excluded them. However, as the Court of Criminal Appeals correctly recognized, the corroborative elements of the photographs made the photographs relevant to guilt-phase issues. And "[w]hile the . . . evidence may not have been admissible based on the reasons offered by the prosecution at trial, [an appellate court is] not precluded from upholding the trial court's ruling on the admissibility of that evidence on a different ground." Guthriev. State, 616 So.2d 914, 921 (Ala.Cr.App. 1993), citing Nicksv. State, 521 So.2d 1018, 1030-31 (Ala.Cr.App. 1987), aff'd,521 So.2d 1035 (Ala.), cert. den., 487 U.S. 1241,108 S.Ct. 2916, 101 L.Ed.2d 948 (1988). So, contrary to the defendant's assertion, the Court of Criminal Appeals, in determining whether the photographs were properly admitted, could properly consider the corroborative tendency of the photographs. We find no error on this issue. *Page 855 
The second issue we address is whether the trial court's kidnapping instruction was inadequate. The Court of Criminal Appeals did not consider this issue, and this issue was not raised at trial; therefore, our review is governed by the plain error rule. Rule 45A, Ala. R.App. P. The absence of an objection in a case involving the death penalty does not preclude review of the issue; however, the defendant's failure to object does weigh against his claim of prejudice.Kuenzel v. State, 577 So.2d 474, 489 (Ala.Cr.App. 1990), aff'd,577 So.2d 531 (Ala.), cert. den., 502 U.S. 886,112 S.Ct. 242,116 L.Ed.2d 197 (1991). Tracking language from the kidnapping statute, the trial court instructed the jury that a "person commits a kidnapping in the first degree if he abducts another person with the intent to inflict physical injury upon him or to terrorize him." See § 13A-6-43(a)(4) and (5), Ala. Code 1975. Boyd argues that the trial court's charge was deficient because it did not more specifically define the term "terrorize" for the jury. In essence, Boyd argues that the lack of a more specific definition of "terrorize" fails to prevent arbitrary and discriminatory enforcement. We disagree. The use of the term "terrorize" has been held not to render the kidnapping statute unconstitutionally vague. Musgrove v. State,519 So.2d 565, 582-83 (Ala.Cr.App.), aff'd, 519 So.2d 586 (Ala. 1986), cert. denied, 486 U.S. 1036, 108 S.Ct. 2024, 100 L.Ed.2d 611
(1988).
The final issue we address is whether the trial court's erroneous finding regarding Boyd's age at the time of the offense requires that this case be remanded for resentencing. At sentencing, the trial court found the existence of two aggravating circumstances: that the capital offense was committed while Boyd was engaged in the commission of a kidnapping and that the capital offense was especially heinous, atrocious, or cruel compared to other capital offenses, see Ala. Code 1975, § 13A-5-49(4) and (8), respectively. The only mitigating factor the trial court found was that Boyd did not have a significant history of prior criminal activity, see §13A-5-51(1), Ala. Code 1975. In determining that only one mitigating factor was present, the trial court calculated that Boyd was 23 years old at the time of the offense and found that his age was not a mitigating circumstance. See § 13A-5-51(7), Ala. Code 1975. The record indicates, however, that Boyd's date of birth was September 5, 1971. Therefore, while he was 23 years old when the trial court sentenced him on May 19, 1995, Boyd was actually about 21 years and 11 months old when he committed the crime on July 31, 1993. It does not appear from the record, though, that Boyd's counsel brought the age miscalculation to the trial court's attention.
In this Court, Boyd argues that, had the trial judge correctly determined his age at the time of the crime, it might have found that an additional mitigating factor existed and that if it had found this additional factor, this might have affected the court's weighing of all aggravating and mitigating factors, the process that constitutes the individualized sentencing determination. See §§ 13A-5-47(e), 13A-5-48, Ala. Code 1975; Clisby v. State, 456 So.2d 105, aff'd,456 So.2d 105 (Ala. 1984), cert. den., 470 U.S. 1009, 105 S.Ct. 1372,84 L.Ed.2d 391 (1985). The Court of Criminal Appeals acknowledged in its opinion that Boyd alleged that the trial court had miscalculated his age, 715 So.2d at 839, but that court's opinion did not address the potential impact of that particular error upon the sentencing. However, because Boyd did not object at trial, this issue is reviewable only under the "plain error" standard. Rule 45A, Ala. R.App. P., Kuenzel, supra. While conceding that the trial court miscalculated Boyd's age, the State argues that this error does not warrant a remand because, given the especially heinous nature of the crime, the trial court's determinations that Boyd's age was not a mitigating factor and that death was the appropriate sentence were reasonable notwithstanding the error.
In Ex parte Land, 678 So.2d 224 (Ala. 1996), we considered a similar factual situation. In that case, the trial court's order sentencing the defendant to death stated that the defendant was "five days short of his 24th birthday" when he committed the capital murder, when in truth the defendant had actually been five days short of his 23rd birthday. Id. at 242. This Court recognized, however, that the defendant had not objected *Page 856 
to this error, either at his sentencing hearing or on direct appeal, and that the issue was therefore reviewable only under the "plain error" standard. Id. Reasoning that "[w]hether he was five days short of 23, or five days short of 24, [the defendant] was clearly an adult, not a minor, when he killed [the victim]," this Court held that the trial court's miscalculation of the defendant's age by one year did not constitute plain error. Ex parte Land, at 242-43.
We reach the same result in Boyd's case. It would seem that the greater the trial court's substantive miscalculation of a defendant's age, the more prejudicial it might be to the defendant. The trial court miscalculated Boyd's age by only slightly more than the one year in Land, so this consideration does not suggest materially greater prejudice. However, we are aware of at least one other reported case in which the same trial judge who sentenced Boyd to death, Judge Jerry L. Fielding, found that a capital defendant's age of 21 years when he committed the offense was a mitigating factor. See Ex parteHenderson, 616 So.2d 348, 349 (Ala. 1992). But "plain error" exists only if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the proceedings or if it has or probably has affected a substantial right of the defendant. Ex parte Womack,435 So.2d 766, 769 (Ala.), cert. den., 464 U.S. 986, 104 S.Ct. 436,78 L.Ed.2d 367 (1983). We find that, as was the case in Land, "[the defendant] was clearly an adult, not a minor, when he killed [the victim]." 678 So.2d at 242. Thus, we cannot say that the trial court's miscalculation of Boyd's age rose to the level of "plain error."
Boyd asserts that the circuit court and the State committed other errors; his assertions are outlined in the Court of Criminal Appeals' opinion. However, we find no error in the opinion of that court regarding these remaining issues, and we do not think we could add anything of significance to the rationale offered by that court. As required by § 13A-5-53, Ala. Code 1975, we have reviewed the entire record, and this review convinces us that the sentence was not the result of "passion, prejudice, or any other arbitrary factor." §13A-5-53(b)(1). We conclude that the trial court and the Court of Criminal Appeals properly weighed the mitigating circumstances and the aggravating circumstances. Finally, we hold that those courts did not err in determining that Boyd's sentence of death was proper and proportional to the penalties imposed in similar cases, § 13A-5-53(b)(3). Accordingly, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, COOK, BUTTS, and SEE, JJ., concur.