I respectfully dissent from one holding and concur in the result on a second. I will briefly discuss each. I concur in all the other holdings in the main opinion.
First, I respectfully dissent from the holding of the Court of Criminal Appeals, affirmed by the majority of this Court, that the trial court did not commit error in refusing the defendant's requested jury instruction on the lesser included offense of felony (arson)-murder in the death of James Patterson. The test for a defendant's entitlement to an instruction submitting a lesser included offense to the jury is stated in Boyd v. State,699 So.2d 967, 972 (Ala.Crim.App. 1997):
 "`A defendant accused of a greater offense is entitled to have the trial court charge on any lesser included offense if there is any reasonable theory from the evidence to support the lesser charge, regardless of whether the state or the defendant offers the evidence. Ex parte Pruitt, 457 So.2d 456 (Ala. 1984); Parker v. State, 581 So.2d 1211 (Ala.Cr.App. 1990), cert. denied, 581 So.2d 1216 (Ala. 1991). A court may properly refuse to charge on a lesser included offense . . . when . . . it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense. . . . Anderson v. State, 507 So.2d 580
(Ala.Cr.App. 1987). . . .'"
(Quoting Breckenridge v. State, 628 So.2d 1012, 1016
(Ala.Crim.App. 1993). Section 13A-6-2(a)(3), Ala. Code 1975, provides in pertinent part that a person commits the crime of felony (arson)-murder if "[h]e commits . . . arson in the first degree, . . . and, in the course of and in furtherance of the crime . . ., he . . . causes the death of any person." The defendant testified that he panicked, forgot about James, and ran away from the house he had set on fire. James died in the fire. Thus, neither the trial court nor the Court of Criminal Appeals nor this Court can accurately say there is "no evidence tending to bring the offense within the definition of the lesser [included] offense." Therefore, the defendant was entitled to a jury instruction submitting felony (arson)-murder for consideration by the jury, even though the defendant's evidence supporting this theory may have been "weak, insufficient, or doubtful in credibility." SeeChavers v. State, 361 So.2d 1106, 1107 (Ala. 1978). See alsoDeming v. City of Mobile, 677 So.2d 1233, 1235 (Ala.Crim.App. 1995). The refusal of the trial court to submit the lesser included offense of felony (arson)-murder to the jury for its consideration regarding the killing of James was prejudicial error affecting that one conviction.
I concur in the result on the issue of the admissibility of the Russaw witnesses' testimony regarding threats made or reportedly made by the defendant to the victim Tressa Patterson. The witness Lois Russaw, who testified to the most damning threat, was testifying to her own personal observations of the defendant's conduct as he menaced her and Tressa with a gun and made the threats to Tressa. This testimony was not hearsay at all. Rule 801(d)(2)(A), Ala. R. Evid. After the defendant interposed his objection to Lois Russaw's testimony and the trial judge overruled it, Lois did not, as a factual matter, relate any more threats. Thereafter, the defendant did not object to the testimony of the witnesses Felicia and Teresa Russaw regarding threats they said the victim Tressa said the defendant had made. The particular substance of the testimony of Felicia and Teresa was not so prejudicial as to make its admission *Page 1052 plain error,[4] even though those aspects of the testimony relating what the victim Tressa said the defendant saidor otherwise did, as distinguished from what the victim Tressa said she herself felt, did not meet any of the tests for reliability that would except the testimony from the prohibitions of the hearsay rule.
[4] The absence of an objection weighs against a claim of prejudice under the plain-error rule. Ex parte Boyd, 715 So.2d 852
(Ala. 1998).