We granted certiorari pursuant to Code of 1975, § 13A-5-53, and Rule 39 (c), A.R.A.P., which provide for review as a matter of right in criminal cases in which the death penalty has been imposed as punishment. The petitioner alleges that the Court of Criminal Appeals, 456 So.2d 366, erred in affirming the trial court's judgment denying him a new trial and in affirming the sentence imposed by the trial court. The facts are fully set out in the opinion of the Court of Criminal Appeals. After consideration of the issues raised by the petitioner, we affirm the decision of that court.
 I.
Jones urges this Court to reverse the decision of the Court of Criminal Appeals, which held that certain statements of the prosecution at trial did not create reversible error, and to remand this cause for a new trial.
We agree with the Court of Criminal Appeals that the prosecutor's statements did not cause any prejudicial misapprehension by the jury, in light of the curative instructions given by the trial court and the statements of defense counsel during closing arguments. Additionally, due to the other evidence in the case, the type of glue on the knife, referred to in closing argument, was not the "fulcrum of the State's case" as the petitioner argues in brief. We have carefully considered the petitioner's arguments, but we can find no error in the exhaustive treatment of this issue by the Court of Criminal Appeals.
 II.
Jones also alleges error in the sentencing procedure, because the trial court overrode the jury's advisory verdict of life imprisonment and imposed a sentence of death. The Court of Criminal Appeals affirmed the trial court's decision, based upon Murry v. State, 455 So.2d 53 (Ala.Crim.App. 1983), which is currently pending before this Court on a writ of certiorari.
The statute in issue in that case and in the present one is Code of 1975, § 13A-5-47, which provides in part:
 "(e) In deciding upon the sentence, the trial court shall determine whether the aggravating circumstances it finds to exist outweigh the mitigating circumstances it finds to exist, and in doing so the trial court shall consider the recommendation of the jury contained in its advisory verdict, unless such a verdict has been waived pursuant to section 13A-5-46 (a) or 13A-5-46 (g). While the jury's recommendation concerning sentence shall be given consideration, it is not binding upon the court."
(Emphasis added.)
This statute clearly reveals the legislative intent that the jury's recommendation is advisory only and thus is not binding upon the trial court. Where plain language is used, the statute must be interpreted to mean exactly what it says. Ex parteMadison County, 406 So.2d 398, 400 (Ala. 1981).
The petitioner concedes the constitutionality of Alabama's statutory scheme of sentencing under Proffit v. Florida,428 U.S. 242, 252, 96 S.Ct. 2960, 2966, 49 L.Ed.2d 913 (1976), which upheld the constitutionality of Florida's similar death penalty procedure with the following language:
 "This Court has pointed out that jury sentencing in a capital case can perform an important societal function, Witherspoon v. Illinois, 391 U.S. 510, 519
n. 15, 88 S.Ct. 1770 [n. 15], 1775, 20 L.Ed.2d 776
(1968), but it has never suggested that jury sentencing is constitutionally required. And it would appear that judicial *Page 382 
sentencing should lead, if anything, to even greater consistency in the imposition at the trial court level of capital punishment, since a trial judge is more experienced in sentencing than a jury, and therefore is better able to impose sentences similar to those imposed in analogous cases."
Nevertheless, the petitioner urges this Court to adopt specific limitations on the trial court's power to override the jury's advisory verdict. In support of his argument that some limitations must be imposed, the petitioner cites Dobbert v.Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). In that decision, the Supreme Court again reviewed the Florida death penalty statute and upheld the trial court's imposition of the death sentence, even though the jury had recommended life imprisonment, stating:
 "Perhaps most importantly, the Florida Supreme Court has held that the following standard must be used to review a trial court's rejection of a jury's recommendation of life:
 "`In order to sustain a sentence of death following a jury recommendation of life, the facts suggesting a sentence of death should be so clear and convincing that virtually no reasonable person could differ.' Tedder v. State, 322 So.2d 908, 910
(1975) (emphasis added) (cited with approbation in Proffitt v. Florida, 428 U.S., at 249, 96 S.Ct., at 2965).
 "This crucial protection demonstrates that the new statute affords significantly more safeguards to the defendant than did the old. Death is not automatic, absent a jury recommendation of mercy, as it was under the old procedure. A jury recommendation of life may be overridden by the trial judge only under the exacting standards of Tedder. Hence, defendants are not significantly disadvantaged vis-a-vis the recommendation of life by the jury; on the other hand, unlike the old statute, a jury determination of death is not binding. Under the new statute, defendants have a second chance for life with the trial judge and a third, if necessary, with the Florida Supreme Court. No such protection was afforded by the old statute. Hence, viewing the totality of the procedural changes wrought by the new statute, we conclude that the new statute did not work an onerous application of an ex post facto
change in the law. Perhaps the ultimate proof of this fact is that this old statute was held to be violative of the United States Constitution in Donaldson v. Sack, 265 So.2d 499 (Fla. 1972), while the new law was upheld by this Court in Proffitt, supra." 432 U.S. at 295-97, 97 S.Ct. at 2299-2300. (Emphasis added.) (Footnote omitted.)
Petitioner argues that this language in Dobbert demonstrates that the United States Supreme Court found the Tedder rule to be a constitutional requirement when a trial court's override of a jury's advisory verdict of life imprisonment is reviewed.
It appears to this Court, however, that the United States Supreme Court, in Proffitt and Dobbert, did not find the Tedder
rule to be a general constitutional requirement under a statutory scheme similar to that of Florida. Instead, the United States Supreme Court merely approved the standard which the Florida courts have adopted providing for additional protection to the defendant. Indeed, to hold otherwise would undermine the benefits of judicial sentencing praised by the United States Supreme Court in Proffitt, supra, and adopted therefrom by the Alabama legislature. Therefore, we are not required by the United States Constitution to adopt the Tedder
rule.
Alabama's statute likewise affords more significant safeguards and more protection for the defendant than formerly. Death is no more automatic under Alabama's statute than under Florida's statute. The whole catalog of aggravating circumstances must outweigh mitigating circumstances before a trial court may opt to impose the death penalty by overriding the jury's recommendation. Because Alabama's statute is a clear expression of public policy as *Page 383 
discerned by the legislature, and conforming to the statutory purpose of Florida's statute as approved by the United States Supreme Court, the petitioner's argument for the adoption of additional standards of review of a trial court's sentence was one properly addressed to the legislature.
The petitioner argues further that the trial court "made several obvious errors in its order of final sentencing." First, the trial court mentioned a description given by two witnesses of an individual leaving the store carrying a bag. The court described the bag as a brown paper one containing Tupperware which the victim's mother identified at trial as the bag in which she packed his lunch. The petitioner contends that the bag was marked for identification as State's Exhibit No. 6, but that it was never admitted into evidence. Therefore, he asserts that the trial court used a piece of evidence which was never admitted at trial as a partial basis for the sentence overriding the jury's advisory verdict. The record does not demonstrate that the Tupperware and brown paper bag wereformally introduced into evidence. However, the record does disclose that the items were marked for identification, identified by the victim's mother, who was a witness for the State, displayed before the jury, and commented upon by several witnesses. Therefore, the inescapable conclusion is that these articles were evidence in the case. Hope v. State,378 So.2d 745, 746 (Ala.Crim.App. 1979).
Second, the trial court stated in its findings of fact at the sentencing hearing that the state toxicologist identified a residue (glue) on the knife found in the defendant's possession as being a substance similar to that used by the victim in building a miniature log cabin. The petitioner calls this "a total misstatement of the evidence," because, he says, there was no testimony that the substance on the knife was similar to the substance used by the victim. While the State's laboratory expert did not say the glue on the knife was the same as the glue on the hobby samples which he examined, he did testify that the glues "were of the same chemical group." Therefore, the trial court did not err in its finding that the glues were "similar."
Accordingly, we find no error in either the trial proper or in the subsequent sentencing procedure "adversely affecting the rights of the defendant." Code of 1975, § 13A-5-53 (a). Similarly, we agree with the Court of Criminal Appeals that the trial court's findings concerning the aggravating and mitigating circumstances were supported by the evidence, and that death was a proper sentence in this case. Therefore, the judgment of that court affirming the trial court's judgment and sentence is due to be affirmed. It is so ordered.
AFFIRMED.
All the Justices concur, except JONES, J., who concurs in the result.