Derrick Denard Williams was indicted for the offense of possession of cocaine, in violation of § 13A-12-212(a)(1), Code of Alabama 1975. The jury found Williams guilty as charged in the indictment, and he was sentenced to 10 years in the state penitentiary. Three issues are raised on appeal.
 I
Williams contends that the trial court committed reversible error in failing to grant his motion in limine and his motion to suppress the items seized from the mobile home located at Lot # 68, Bennett's Trailer Park in Opelika.
Where no legal authority is cited in support of arguments offered in Rule 28, A.R.App.P., the effect is the same as if no argument has been made, and the arguments need not be considered waived. Although the appellant has failed to cite any legal authority in support of argument on this issue, we shall nevertheless discuss this issue.
On September 8, 1990, Lee County District Judge Richard Lane issued a warrant "to make immediate search on the person and premises of Buster Williams, alias, DeWayne Williams, alias, and Davis J. Williams, alias, located at Lot # 68 Bennett's Trailer Park, Opelika, Lee County, Alabama" for "cocaine, cocaine hydrochloride, crack cocaine or any compound or mixture thereof. . . ." The warrant further stated that the search would include "all persons present and all vehicles present on the premises" and that the search could be conducted during nighttime hours.
The search warrant was based upon the affidavit of Detective David C. Carrington of the Opelika Police Department, which stated:
 "[T]hat within the last seventy-two hours, a reliable confidential informant bought crack cocaine from a black male the informant knew as Buster Williams, Alias, at Lot # 68 Bennett's Trailer Park, Opelika, Alabama. And that the informant was wearing a concealed transmitting device and was provided money to *Page 1121 
buy the cocaine. The money had been copied and the serial numbers recorded. The transaction was monitored by Detective Ari[e]s Murphy. And that the Opelika Police Department Narcotics Division has been receiving information for approximately the last six months that Buster Williams and another black male by the name of DeWayne Williams have been selling crack cocaine from the residence. The City of Opelika power records revealed that the electricity is issued to Davis J. Williams. Buster Williams, alias, has been known to sell cocaine from vehicles parked at the residence."
The search warrant was executed on the evening of September 12, 1990, with Officers Melvin Harrison, Donna Long, David Carrington, Allen Elkins, Jeff Brown, Aries Murphy, and John Toney of the Opelika Police Department present to conduct the search.
According to Officer Harrison, when the police arrived at Lot # 68 of Bennett's Trailer Park to execute the search warrant, five black males later identified as the appellant Derrick Denard ("Buster") Williams, his brothers DeWayne Williams, and Davis Lee Williams, and Billy Yancy and Marvin Dawson, were in the yard of Lot # 68.
Officer Harrison got out of his automobile and went straight to a white Chevrolet Monte Carlo automobile that was parked on the lot. According to Harrison, the appellant was standing outside the car (on the driver's side) with his hands inside the car. The appellant was informed that a search warrant was being executed and was ordered to take his hands out of the car. According to Harrison, the appellant began to curse him and the appellant was then placed under arrest for harassment.
Officer Aries Murphy made a search of the white Monte Carlo automobile and seized a plastic bag on the passenger side of the car in the floorboard, which contained 30 rock-like substances believed to be crack cocaine. Officer Carrington also seized from the glove compartment of the Monte Carlo a package of cigarette rolling papers and a wallet and its contents.
Officer Long then seized from the mobile home located at Lot # 68 a clay-like mass in rock form, six "ziploc" plastic bags containing white powder or rock residue, razor blades, and mail addressed to DeWayne Williams and Davis Williams. Officer Long also seized a cardboard box containing 10 bottles of powder and tablets located in the cab of a blue Dodge truck parked in the front yard of Lot # 68.
Officer Elkins photographed the items seized, and Officer Long took all of the items seized into her custody and control. The appellant and his brothers DeWayne Williams and Davis Lee Williams were then arrested for possession of cocaine.
The appellant's case was initially consolidated with the cases involving the appellant's brothers, Davis Lee Williams and DeWayne Williams. On the first day of the consolidated trial, the appellant filed a motion to suppress the evidence seized based on the search warrant, improper issuance and execution of the search warrant as well as a discovery motion and motion to suppress statements allegedly made by appellant. The motion to suppress evidence based on the improper issuance and execution of the search warrant was denied after a lengthy suppression hearing, and the following day the consolidated trial ended in a mistrial because of joinder problems. The appellant and his brother's charges were thus severed for separate trials.
The appellant's case was then continued, and his separate trial date was set for March 4, 1991. On February 6, 1991, the appellant filed a motion to suppress statements allegedly made by him and a motion to suppress and in limine based on the alleged improper issuance and execution of the search warrant.
At the suppression hearing, held at the beginning of the appellant's separate trial, the appellant testified that, on the date of the search, he resided at Lot # 40, Bennett's Trailer Park in Opelika, and that he was not living in the trailer located at Lot # 68, Bennett's Trailer Park. The appellant further testified that Buster Williams *Page 1122 
was a nickname for his brother Victor Williams. On cross-examination, the appellant admitted that his rent receipt for Lot # 40 showed that he only lived at Lot # 40 for half of the month of August 1990, and that he kept his clothing in the trailer located at Lot # 68 during the month of August 1990.
The trial court denied the appellant's motion to suppress and in limine regarding the items seized as a result of the search based upon the appellant's testimony and other testimony presented at the original consolidated suppression hearing.
During the State's case-in-chief, the State marked as State's exhibit no. 2 a heat-sealed plastic bag containing a paper towel and six bluish-green "ziploc" plastic bags with particles of crack cocaine inside. According to Officer Long, she seized this evidence from an upper kitchen cabinet inside the trailer located at Lot # 68, Bennett's Trailer Park in Opelika.
Following testimony from forensic scientist Sherwin K. Boswell that the residue contained in the six "ziploc" bags was a cocaine base, the State moved to admit State's exhibit no. 2 into evidence. The trial court then admitted State's exhibit no. 2 into evidence. At no time did either the appellant or his attorney object to the admission of this evidence seized from the trailer.
At the beginning of the defense's case, the court heard several motions outside the jury's presence. Defense counsel moved to suppress or to exclude State's exhibit no. 2 on the ground that the State failed to show that the appellant had any connection with the mobile home where the evidence was seized. The court agreed with defense counsel and excluded State's exhibit no. 2 and any other evidence found in the mobile home. The court further ruled that the case would go to the jury on the material found in the Monte Carlo automobile alone.
At the beginning of the court's oral charge to the jury, the court clarified which evidence the jury could consider in reaching its verdict:
 "Now the cocaine that the Defendant is charged with possessing is the cocaine that was allegedly found in the automobile. You are not to consider any other evidence that may have come before you in this case as to any other prohibited substance that may have been found during the course of that search."
Moreover, any alleged error resulting from the court's initial ruling denying appellant's motion to suppress and in limine was rendered harmless when the trial court granted the appellant's motion to exclude the cocaine found in the mobile home, Rule 45, A.R.App.P. The trial judge cured any alleged prejudice arising from the initial admission of the cocaine found in the mobile home by instructing the jury to consider only the material found in the white Monte Carlo automobile in reaching a verdict. See Petite v. State, 520 So.2d 207
(Ala.Cr.App. 1987).
Finally, because there was clearly sufficient evidence to support the appellant's conviction for possession of cocaine based solely upon the cocaine found in the search of the white Monte Carlo automobile, which search is not objected to on appeal, we find no reversible error.
 II
The appellant contends that the State violated the principles set out in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712,90 L.Ed.2d 69 (1986), in exercising its peremptory challenges. We disagree.
The record reveals that of the three blacks on the venire, two were struck by the State and one served on the jury. L.A., a black man, was struck because his aunt and uncle had been charged with possession of cocaine. P., the second black on the venire, was struck because his sister-in-law had been convicted of possession of cocaine and because he had previously sat on a criminal jury that acquitted the defendant. The reasons given for striking these potential jurors were clearly based on considerations other than race. Fearn v. City of Huntsville,568 So.2d 349 (Ala.Cr.App. 1990) (not error to strike every veniremember who had a friend or family member stopped or arrested for DUI). *Page 1123 
The prosecutor also made a showing that both blacks and whites were struck if they had family members who had been charged with drug offenses. "Such action in which non-black jurors have been challenged for the same or similar characteristics as black jurors who are struck had been deemed to be indicative of neutrality and is evidence which tends to overcome the presumption of discrimination." Ward v. State,539 So.2d 407, 408 (Ala.Cr.App. 1988).
 III
The appellant contends that the trial court committed reversible error in its oral charge by telling the jury that "[t]his presumption of innocence is evidence that you may consider on the Defendant's behalf."
After the court's oral charge, the appellant objected to the court's use of the word "may" instead of "must" in the foregoing portion of the court's oral charge, and the trial court noted the appellant's exception.
The trial court is vested with broad discretion in formulating its charge, and the jury charge must be considered as a whole. DeRamus v. State, 565 So.2d 1167 (Ala.Cr.App. 1990). Where, moreover, the issues of presumption of innocence and burden of proof were thoroughly addressed by the trial court in its oral charge, the trial court did not err in refusing the defendant's proposed charge, which stated that the presumption of innocence is evidence. Grace v. State, 456 So.2d 862
(Ala.Cr.App. 1984).
We have reviewed the trial court's oral charge to the jury and conclude that because the issues of burden of proof and presumption of innocence were thoroughly addressed in its oral charge, the charge on the presumption of innocence, as a whole, did not have the effect of relieving the State of its burden of proof. Hence, no error appears.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.