BOWEN, Presiding Judge.
The appellant, Harold Dilton Putman, was convicted of burglary in the third degree, theft of property in the first degree, assault in the second degree, and sexual abuse in the *1329 first degree. He was sentenced as a habitual felony offender to life imprisonment on each conviction, with the sentences to run concurrently. He was also convicted of robbery in the first degree and was sentenced to imprisonment for life without parole. He raises three issues on this direct appeal from those convictions.
I
The appellant contends that the prosecution failed to disclose information requested in a discovery motion made pursuant to Rule 16.1(c), A.R.Cr.P., and that this failure to disclose also violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The appellant asserts that he was not provided a copy of the complete search warrant and inventory list of items seized pursuant to the execution of a search warrant. The appellant concedes that he was given copies of the search warrant and inventory list by the prosecution, but he argues that he was not given “the information that [he] need[s] here.” R. 131.
Two months before trial, the prosecution responded to the appellant’s discovery request by delivering to the appellant copies of the indictment, the search warrant, the appellant’s statement, and the inventory list. The prosecution informed the appellant by letter that: “If you feel you are entitled to anything more or different than what is attached hereto, please contact me. Any items of physical evidence are in the possession of law enforcement officials. If you wish to view those items, please contact me and we will make appropriate arrangements.” C.R. 10, R. 129-30.
The appellant had sufficient notice and sufficient opportunity to further inquire into this matter if he was not satisfied with the prosecution’s response to his discovery request. The prosecutor stated that he had given the appellant what was in the prosecution’s file and that the appellant could have checked with the clerk’s office and found “the original search warrant there.” R. 132. The trial court overruled the appellant’s objection to the prosecution’s alleged failure to produce and stated that “if you didn’t think the search warrant and inventory list that you got on March 24 were adequate, you had two months almost to the day today to call them up and say, ‘Where is the executed copy of the search warrant?’ or ‘Where is the complete inventory list?’” R. 133.
The appellant has not shown that the prosecution failed to disclose exculpatory evidence to the defense. “ ‘A Brady violation occurs where: 1) the prosecution suppressed evidence; 2) the evidence was favorable to the defendant; and 3) the evidence was material to the issues at trial.’” Johnson v. State, 612 So.2d 1288, 1293 (Ala.Cr.App.1992) (quoting Stano v. Dugger, 901 F.2d 898, 899 (11th Cir.1990). The appellant has not met any of these requirements. There was no evidence of a failure to disclose by the prosecutor or of any intent to prevent the appellant from acquiring the complete search warrant and inventory list. If the appellant was not satisfied with the prosecutor’s response to the discovery motion he did not notify the prosecutor of his dissatisfaction in the two months before trial.
In addition, the appellant failed to show how completed copies of the search warrant and inventory list were favorable to the defense or material to the issue of the appellant’s guilt.
“The trial court determines the admissibility of non-disclosed evidence as it may be ‘pertinent to the issue of the innocence or guilt of the accused.’ Brady v. Maryland, 373 U.S. 83, 90, 83 S.Ct. 1194, 1198, 10 L.Ed.2d 215 (1963)....
“‘The evidence suppressed must have been material, probative, vital and exculpatory to the accused.- A new trial is required only if the evidence undisclosed could, in any reasonable likelihood, have affected the judgment of the jury. In United States v. Agurs, [427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) ], the United States Supreme Court stated that the correct rule is that a constitutional error has occurred if the omitted evidence creates a reasonable doubt that did not otherwise exist and that the omission must be evaluated in the context of the entire record.’ (Footnotes omitted.) *1330 C. Gamble, McElroy’s Alabama Evidence, § 290.05(2) (3d ed. 1977).”
McNeely v. State, 524 So.2d 375, 377 (Ala.Cr.App.1986).
“ ‘The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A “reasonable probability” is a probability sufficient to undermine confidence in the outcome.’ ” Johnson v. State, 612 So.2d 1288, 1293 (Ala.Cr.App.1992) (quoting United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 3383, 87 L.Ed.2d 481 (1985)).
II
The appellant contends that it was error to admit his post-arrest tape-recorded statement into evidence because he had not been properly advised of all of his rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
“Before any custodial statements may be allowed into evidence, the state must show that the defendant was read his Miranda rights and that his waiver of those rights was voluntary.” Holder v. State, 584 So.2d 872, 878 (Ala.Cr.App.1991). “ ‘Among the procedural safeguards established by the Miranda Court is the “right to cut off questioning.” 384 U.S. at 474, 86 S.Ct. at 1627. If the suspect indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease. Id. at 473-74, 86 S.Ct. at 1627; Martin v. Wainwright, [770 F.2d 918 (11th Cir.1985) ].’ ” Stewart v. State, 562 So.2d 1365, 1372 (Ala.Cr.App.1989).
“[0]nce Miranda warnings have been given and a waiver made, a failure to repeat the warnings before a subsequent interrogation will not automatically preclude the admission of an inculpatory response. Whether the Miranda warnings must be repeated depends on the facts of each individual case, with the lapse of time and the events which occur between interrogation being relevant factors to consider.” Hollander v. State, 418 So.2d 970, 972 (Ala.Cr.App.1982) (citations omitted).
The evidence shows that Investigator John David Richardson failed to advise the appellant before interviewing him that “you can decide at any time to exercise these rights and not answer any questions or make any statements.” R. 147. However, Investigator Junior Witt testified that the appellant had been given the proper and full Miranda warnings approximately five minutes before Richardson began tape-recording the appellant’s statement. Witt testified that he read the appellant his Miranda rights inside Richardson’s office before the tape recorder was turned on. R. 149, 151. Those rights were read from a printed card and included the portion omitted by Richardson.
“The Miranda decision requires no talis-manic formulation of the warnings to be given to a criminal defendant as to the constitutional rights protected by that decision.” Jones v. State, 456 So.2d 366, 373 (Ala.Cr.App.1983) (citing California v. Prysock, 453 U.S. 355, 101 S.Ct. 2806, 69 L.Ed.2d 696 (1981)), affirmed, 456 So.2d 380 (Ala.1984), cert. denied, 470 U.S. 1062, 105 S.Ct. 1779, 84 L.Ed.2d 838 (1985). Where “warnings were given but one version was defective or incomplete ... [or] deficient in some respect, it suffices that the other set of warnings was complete and correct. This may be a sensible result when the difference between the two sets of warnings is merely that something was omitted from one of them.” 1 W. LaFave & J. Israel Criminal Procedure § 6.8(c) (1984).
Sufficient evidence was presented for the trial court to conclude that the appellant was properly advised of all of his Miranda rights and that he knowingly and voluntarily waived those rights.
Ill
The appellant contends that the prosecution struck two black veniremembers in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The appellant objects to the strikes of black veniremembers M.T. and L.A.M.T. was struck because her father had been prosecuted in Lauderdale County. R. 21-22. L.A. was struck because his son had been prosecuted several times as a juvenile. R. 22.
*1331 The appellant argues that these were insufficient reasons for striking these venire-members because each veniremember stated that he or she could be impartial.
In response to the appellant’s objection, the trial court stated:
“Well, it’s just obvious to me that if you are a prosecutor, you don’t leave somebody on a jury who your office has prosecuted in the past, or whose close relative you have prosecuted in the past.
“There’s a substantial possibility that there might be some lasting bad feeling from that. So I find those reasons to be race-neutral.” R. 23.
A “connection with or [involvement in] criminal activity includes the juror in question, as well as close relatives and friends of the juror.” Heard v. State, 584 So.2d 556, 560 (Ala.Cr.App.1991); see Williams v. State, 611 So.2d 1119, 1122 (Ala.Cr.App.1992) (veniremember had family members who had been prosecuted for criminal activity); Whitley v. State, 607 So.2d 354, 357 (Ala.Cr.App.1992) (same); Powell v. State, 548 So.2d 590, 592-93 (Ala.Cr.App.1988) (same), affirmed, 548 So.2d 605 (Ala.1989).
“[W]e know of no requirement that the prosecutor must be bound by and must accept a veniremember’s response at face value.” Jones v. State, 611 So.2d 466, 470 (Ala.Cr.App.1992). See also Cox v. State, 585 So.2d 182, 198 (Ala.CrApp.1991) (“ ‘The “impartiality [of a juror] is not a technical concept. It is a state of mind.” The state of one’s mind requires a fact determination as does the state of one’s digestion. This determination involves an evaluation of a variety of factors and all the surrounding circumstances and the fair inferences to be drawn therefrom. The trial judge was not bound to accept at face value the juror’s expurgatory statement.’”), cert. denied, — U.S. —, 112 S.Ct. 1676, 118 L.Ed.2d 394 (1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.