Robert Melson was convicted in the Etowah County Circuit Court on three counts of murder made capital because the killings were committed during the course of a robbery in the first degree (§ 13A-5-40(a)(2), Ala. Code 1975); one count of murder made capital because it involved the murder of two or more persons by one act or pursuant to one scheme or course of conduct (§13A-5-40(a)(10)); one count of attempted murder (§ 13A-4-2); and one count of robbery in the first degree (§ 13A-8-41). The murder convictions were based on the deaths of three people. The circuit court sentenced him to death. The Court of Criminal Appeals affirmed his convictions and the sentence of death. Melson v.State, 775 So.2d 857 (Ala.Crim.App. 1999).
We granted Melson's petition for certiorari review. In his petition he raised *Page 906 
many of the numerous issues he had raised in the Court of Criminal Appeals. We have carefully considered the briefs of the parties, the oral arguments of counsel, and have reviewed the record, and we find no reversible error. Consequently, we affirm the judgment of the Court of Criminal Appeals, but we will address three of Melson's issues — two of them involving what Melson contends was prosecutorial misconduct — in order to explain why we, like the Court of Criminal Appeals, find no reversible error in regard to those issues.
 I.
During the guilt phase of the trial, the State elicited, through a question asked of Officer Wayne Ragan, a detective, testimony indicating that Melson's codefendant, Cuhuatemoc Peraita, told police that Melson had been wearing a certain pair of shoes at the time of the crimes. Melson objected to the admission of Officer Ragan's answer regarding the shoes and moved for a mistrial on the ground that to use against him the codefendant's statement, which he argued was hearsay, would violate his Sixth Amendment right "to be confronted with the witnesses against him." The trial court sustained the objection, denied the motion for a mistrial, instructed the jury to disregard the answer, and immediately questioned the jurors to ascertain whether any of them would in fact have "any problem" following the instruction to disregard the detective's answer. Each juror indicated that he or she would not have a problem following the trial court's instruction.[1]
The Court of Criminal Appeals held that Peraita's statement regarding the shoes was not within the definition of "hearsay" provided in Rule 801(c), Ala. R. Evid. Therefore, that court held that to admit Officer Ragan's answer would not have violated Melson's right to confrontation. The Court of Criminal Appeals further held that, even assuming that the prosecutor's question and Ragan's answer were improper, the trial court had "eradicated any possible prejudice suffered by Melson" by promptly sustaining the objection, instructing the jury to disregard the answer, and questioning the jurors to ascertain whether any of them would, in fact, have a problem following the trial court's instructions. 775 So.2d at 895-96.
In its brief, the State contends that Peraita's statement did not constitute hearsay, as defined in Rule 801(c), Ala. R. Evid., because, the State says, the statement was not being "offered in evidence to prove the truth of the matter asserted." The State argues that the answer regarding Peraita's statement was elicited from Officer Ragan in order to explain why the police officer seized Melson's shoes, not to prove that Melson was wearing a particular pair of shoes. We disagree with the State's argument, *Page 907 
but, based on the facts presented in this case, we find no reversible error. We believe Peraita's statement, elicited from Officer Ragan, falls within the definition of "hearsay" at Rule 801(c), Ala. R. Evid., and that it was, therefore, inadmissible; we nevertheless conclude that the circuit court's ruling sustaining Melson's objection,[2] followed by its instructing the jury to disregard the answer and its questioning the jurors to ascertain if any of them would have a problem following the court's instructions, removed any possible prejudice suffered by Melson.
 II.
During closing arguments in the guilt phase of Melson's trial, the prosecutor referred to Melson as an "animal" and stated, "It is very difficult to prove someone is innocent when they are not." Because Melson did not object to these statements at trial, the Court of Criminal Appeals reviewed Melson's arguments regarding them under the "plain-error" rule of review. See Rule 45A, Ala.R.App.P. The Court of Criminal Appeals held that, under the circumstances, there was no plain error in the prosecutor's remarks.
We agree with the Court of Criminal Appeals, but we caution prosecutors that there are boundaries beyond which they should not go when arguing a case before a jury, and that crossing that boundary between what is proper and what is improper is prosecutorial misconduct that, under the appropriate circumstances, can result in a reversal of a conviction.
 III.
We have carefully read the opinion of the Court of Criminal Appeals, and we have carefully analyzed all of Melson's arguments relating to the validity of the convictions and the sentence of death. Some words of caution are appropriate regarding Part XVI of the opinion of the Court of Criminal Appeals. 775 So.2d at 901. The trial judge sentenced the defendant to death upon a finding "that the mitigating circumstances heretofore enumerated are insufficient to outweigh the aggravating circumstance." 775 So.2d at 901. To support the imposition of the death penalty, the law requires that the aggravating circumstance or circumstances outweigh the mitigating circumstance or circumstances. See § 13A- 5-47(d) and (e), Ala. Code 1975; Exparte Jones, 456 So.2d 380, 382 (Ala. 1984).
On this point, the Court of Criminal Appeals cited Weaver v.State, 678 So.2d 260 (Ala.Crim.App. 1995), rev'd on othergrounds, 678 So.2d 284 (Ala. 1996), and other cases for the proposition that this defect was a "technical" defect or error, and correctly concluded that the error was harmless in this particular case, but the error should not be minimized as a mere technicality. A trial court is to impose a sentence of death only after finding that the aggravating circumstance or circumstances outweigh the mitigating circumstance or circumstances. But we conclude in this case, as did the Court of Criminal Appeals, that the "error in the trial court's sentencing order was error without injury." See 775 So.2d at 902. Certainly, the better practice would be to strictly follow the mandates of the statute when imposing death sentences.
We have reviewed the record for plain error. We conclude that the opinion of the Court of Criminal Appeals correctly addresses all the other issues Melson raised both in that court and in his petition to this *Page 908 
Court, and we find in the record no error that "has or probably has adversely affected [Melson's] substantial rights." Rule 39(k), Ala.R.App.P. Consequently, we affirm the judgment of the Court of Criminal Appeals.
AFFIRMED.
Hooper, C.J., and Houston, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] This issue is based on the following exchange that occurred during the testimony of Officer Ragan:
 "[District attorney:] Okay. Now with regard to the shoes that you saw on Mr. Melson's feet down there at the detective division where it was temporarily housed at the Saint James School, who was the source of the information that led to the apprehension of those shoes?
"[Officer Ragan:] Mr. Peraita.
 "[Defense counsel:] Your Honor, I object and move to strike that answer as being prejudicial to [Melson]. It violates his right of confrontation.
"The Court: Sustained.
"[District attorney:] Okay.
 "[Defense counsel:] I would ask that the jury be instructed to disregard Officer Ragan's answer to that question.
 "The Court: Strike that answer because it is solicited information from somebody who is not here to be cross-examined, that being Peraita. So disregard that answer.
"[District attorney:] That's all, your honor.
 "[Defense counsel:] Your Honor, we move for a mistrial based on those rulings.
 "The Court: Denied. Does the jury have any problem with disregarding that? If you can't, I want you to raise your hand.
(No response from the jury.)
"The Court: Okay. Go ahead.
"[District attorney:] That's all. Nothing further."
(R. 1461-62.)
[2] We urge vigilance in evaluating any offer of testimony about an out-of-court declaration "not for the truth of the matter asserted." The admissibility of such testimony depends on its being relevant to a proper issue in the case. The first inquiry should be: if the out-of-court declaration is not offered for its truth, is whatever the declaration does tend to prove really atissue in the particular proceeding?"
 *Page 497