Jerry Devane Bryant was indicted for, tried for, and convicted of the murder of Donald Hollis made capital because it occurred during a kidnapping in the first degree, § 13A-5-40(a)(1), Ala. Code 1975. The jury which found Bryant guilty recommended a sentence of death by a vote of 11-1, and the trial court sentenced Bryant to death. The Court of Criminal Appeals affirmed his conviction and death sentence. Bryant v.State, 951 So.2d 702 (Ala.Crim.App. 1999). Bryant petitioned this Court for certiorari review as a matter of right pursuant to the then existing Rule 39(k), Ala. R.App. P., and we granted his petition as we were obliged to do.
Bryant argues nine issues. The Court of Criminal Appeals addressed all nine in its opinion. Id. Our review of the record, the briefs, the law, and the opinion of the *Page 726 
Court of Criminal Appeals reveals that three issues warrant discussion or reservation by this Court and that one of those three issues requires a reversal of the defendant's death sentence. The adjudication of guilt will be affirmed. We will explain.
 A. The Jury Instructions on Weighing Mitigating and Aggravating Circumstances
Bryant claims that the penalty-phase jury instructions by the trial court violated § 13A-5-46, Ala. Code 1975, by implying that the jury could not recommend a penalty of life in prison without parole instead of death unless the mitigating circumstances outweighed, rather than just equaled, the aggravating circumstances. This claim is addressed as Issue II I both in Bryant's brief and in the opinion by the Court of Criminal Appeals.
During the penalty phase, before the opening arguments and the presentation of witnesses, the trial court instructed the jury:
 "Later you will hear argued to you possibly and later on I will explain to you that your consideration will be: Do the aggravating circumstances, that is those matters put on by the State in support of the death penalty, outweigh the mitigating circumstances, that is those matters put on by the defense opposing the death penalty, or not? "
(R. 1005.) (Emphasis added.) After closing arguments and at the beginning of the main jury charge for the penalty phase, the trial court instructed the jury:
 "The law provides further that whether life without parole or the death penalty is imposed depends on whether the State proves beyond a reasonable doubt one or more aggravating circumstances to exist. And if so, that those — that that aggravating circumstance or circumstances outweigh the mitigating circumstances.
(R. 1094-95.) (Emphasis added.) Thereafter, however, the trial court instructed the jury:
 "In recommending punishment, you must determine whether any aggravating circumstances exist in the first place. If you determine that one or more aggravating circumstances exist, then you must consider whether those aggravating circumstances are outweighed by the mitigating circumstances.
 ". . . .
 "In this case, the State has raised two aggravating circumstances for you to consider from that list of statutory ones. And if you find that one or more of them does exist, then you would consider whether the mitigating circumstances outweigh those that are — those aggravating circumstances raised by the State.
 ". . . .
 "Now, the two aggravating circumstances that the State has raised and offered up to prove to you are, number one, that in this case there was a murder while a kidnapping occurred. . . .
 "They have also raised for your consideration the sixth aggravating circumstance that is available. That is, that the capital murder was convicted — was committed, rather, for pecuniary gain.
 . . .
 "Now, before you would even consider recommending the death penalty, each and every one of you would have to be convinced beyond a reasonable doubt that the State has proved at least one of the aggravating circumstances which I have listed for you.
 ". . . .
 "If you find that the State has failed to prove any of these aggravating circumstances beyond a reasonable doubt, then your verdict would be life without parole. In that event, you would not *Page 727 
even consider the mitigating circumstances.
 "On the other hand, if you find that the State has proved an aggravating circumstance beyond a reasonable doubt, then you would consider whether the mitigating circumstances outweigh them.
 ". . . .
 "Alabama law recognizes that it is possible that in at least some situations one or a few aggravating circumstances may outweigh a greater number of mitigating circumstances. Our law also recognizes that one or more mitigating circumstances might outweigh a larger number of aggravating circumstances.
 ". . . .
 "I charge you, members of the jury, that if you do not find that an alleged aggravating circumstance was proved, that does not automatically or necessarily mean that you should sentence Mr. Bryant to death
by electrocution, instead such a finding only means that you must consider other factors, more specifically mitigating circumstances, before deciding whether a sentence of life in prison or death by electrocution is present."
(R. 1096-1103.) (Emphasis added.) Bryant concedes, and the opinion of the Court of Criminal Appeals recognizes, that Bryant did not object to any of these instructions at trial. Therefore, we must determine whether these instructions constitute plain error.
"`"Plain error" arises only if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings.'" Ex parteWomack, 435 So.2d 766, 769 (Ala. 1983) (quoting UnitedStates v. Chancy, 662 F.2d 1148, 1152 (5th Cir.1981)).See also Ex parte Woodall, 730 So.2d 652 (Ala. 1998). "`In other words, the plain-error exception to the contemporaneous objection rule is to be "used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result."'" Ex parte Land, 678 So.2d 224, 232
(Ala. 1996) (quoting United States v. Young,470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (quoting in turnUnited States v. Frady, 456 U.S. 152, 163 n. 14,102 S.Ct. 1584, 71 L.Ed.2d 816 (1982))). "To rise to the level of plain error, the claimed error must not only seriously affect a defendant's `substantial rights,' but it must also have an unfair prejudicial impact on the jury's deliberations." Hydev. State, 778 So.2d 199, 209 (Ala.Crim.App. 1998), aff'd,778 So.2d 237 (Ala. 2000), cert. denied, 532 U.S. 907,121 S.Ct. 1233, 149 L.Ed.2d 142 (2001). This Court may take appropriate action when the error "has or probably has adversely affected the substantial rights of the appellant." Rule 45A, Ala. R.App. P. "[A] failure to object at trial, while not precluding our review, will weigh against any claim of prejudice." Ex parteWoodall, 730 So.2d at 657 (citing Kuenzel v.State, 577 So.2d 474 (Ala.Crim.App. 1990), aff'd,577 So.2d 531 (Ala. 1991)).
Section 13A-5-46, Ala. Code 1975, requires the jury to find thatthe aggravating circumstances outweigh the mitigatingcircumstances before the jury can recommend a sentence of death:
 "(d) After hearing the evidence and the arguments of both parties at the sentence hearing, the jury shall be instructed on its function and on the relevant law by the trial judge. The jury shall then retire to deliberate concerning the advisory verdict it is to return.
 "(e) After deliberation, the jury shall return an advisory verdict as follows:
 ". . . .
 "(2) If the jury determines that one or more aggravating circumstances as defined in Section 13A-5-49 exist but do not outweigh the mitigating circumstances, *Page 728 
it shall return an advisory verdict recommending to the trial court that the penalty be life imprisonment without parole;
 "(3) If the jury determines that one or more aggravating circumstances as defined in Section 13A-5-49 exist and that they outweigh the mitigating circumstances, if any, it shall return an advisory verdict recommending to the trial court that the penalty be death." (Emphasis added.)
This statutory law entitles a defendant to a recommendation oflife imprisonment without parole even if themitigating circumstances do not outweigh the aggravatingcircumstances, if the mitigating circumstances at leastequal the aggravating circumstances. In other words, of the three possibilities — that the mitigating circumstances outweigh the aggravating circumstances, that the mitigating circumstances only equal the aggravating circumstances in weight, or that the aggravating circumstances outweigh the mitigating circumstances — only the third — that the aggravating circumstances outweigh the mitigating circumstances — will allow a death penalty recommendation.
Three of our cases address the issue raised by Bryant. The first is Ex parte Trawick, 698 So.2d 162 (Ala. 1997):
 "Trawick next argues that during the penalty phase of the trial the court failed to instruct the jurors as to how they were to weigh the aggravating and mitigating circumstances of Trawick's case. The trial court instructed the jury that, if it found that the mitigating circumstances outweighed the aggravating circumstances, it was required to recommend a sentence of life imprisonment without parole. However, Trawick points out that the trial court did not further instruct the jury that if the aggravating and mitigating circumstances were equally balanced, the jury was likewise required to recommend a sentence of life imprisonment. Trawick concludes that, because Alabama law requires that aggravating circumstances must outweigh
mitigating circumstances in order for a jury to recommend the death sentence, the trial court's instructions misstated Alabama law and improperly created an inference that the jury was required to recommend the death penalty if it found that the circumstances were equally balanced.
 "Because Trawick did not raise this issue at trial, we must consider it in accordance with the plain error rule. We note that the jury instructions as to the weighing of aggravating circumstances and mitigating circumstances were materially the same as those set out in the Alabama Pattern Jury Instructions: Criminal
for use in the sentencing stage of a capital murder trial in this state, and this Court has held that no reversible error will be found when the trial court follows the pattern jury instructions adopted by this Court. Kuenzel v. State, [577 So.2d 474
(Ala.Crim.App. 1990)]. The trial court correctly instructed the jury to recommend the death penalty only if it found that the aggravating circumstances outweighed the mitigating circumstances, obviously implying that in all other circumstances the jury was required to recommend a sentence of life imprisonment without parole. We do not agree with Trawick that this instruction could have misguided the jury as to its responsibility and function in weighing the aggravating and mitigating circumstances; on the contrary, the instruction clearly explained that the jury could recommend the death penalty under only one circumstance. Haney v. State, 603 So.2d 368
(Ala.Cr.App. 1991), affirmed, 603 So.2d 412
(Ala. 1992), cert. denied, 507 U.S. 925, 113 S.Ct. 1297, *Page 729 122 L.Ed.2d 687 (1993). We therefore find no plain error in the instruction as given."
698 So.2d at 173-74 (some emphasis original; some emphasis added). The second case addressing the weighing issue is Exparte Cothren, 705 So.2d 861, 870-71 (Ala. 1997), wherein the defendant complained of the following instruction by the trial court to the jury:
 "`[T]he law also provides whether death or life imprisonment without parole should be imposed upon the defendant depends upon whether any aggravating circumstances exist and whether any circumstances exist — any mitigating circumstances exist that outweigh those aggravating circumstances.'"
(Emphasis added.)
The defendant argued that this instruction "constituted reversible error" because, he said, it "created an impermissible presumption in favor of a death sentence." 705 So.2d at 870. TheCothren Court did not state whether the defendant objected to this instruction at trial and did not quote any other instructions given by the trial court. TheCothren Court held:
 "After reviewing the trial court's instructions, we hold that those instructions, taken as a whole, sufficiently informed the jury of the weighing process required under the law. We specifically reject Cothren's contention that the trial court created a presumption in favor of a death sentence by informing the jury that [it] could consider whether `any mitigating circumstances exist that outweigh those aggravating circumstances.' See Ala. Code 1975, § 13A-5-i6, which provides. . . .
 "Alabama law requires a weighing process. If the jury finds that the aggravating circumstances outweigh the mitigating circumstances, it must recommend a death sentence. If the jury finds that the mitigating circumstances outweigh the aggravating circumstances, it must recommend a sentence of life imprisonment without parole. The trial court's instructions did not create a presumption in favor of a verdict recommending a death sentence."
Ex parte Cothren, 705 So.2d at 871 (emphasis added). While the Cothren opinion does not explicitly quote other instructions given by the trial court during the penalty phase, the holding of the Cothren Court implies that the trial court, as in Trawick, did give further instructions that forbade a death penalty recommendation even if the jury found the mitigating circumstances not tooutweigh the aggravating circumstances, if the mitigating circumstances were to equal the aggravating circumstances in weight.
The third case which addresses the weighing issue, albeitin the context of a sentencing order rather than a juryinstruction, is Ex parte Melson, 775 So.2d 904
(Ala. 2000):
 "The trial judge sentenced the defendant to death upon a finding `that the mitigating circumstances heretofore enumerated are insufficient to outweigh the aggravating circumstance.' [Melson v. State,] 775 So.2d [857,] 901 [(Ala.Crim.App. 1999)]. To support the imposition of the death penalty, the law requires that the aggravating circumstance or circumstances outweigh the mitigating circumstance or circumstances. See § 13A-5-47(d) and (e), Ala. Code 1975; Ex parte Jones, 456 So.2d 380, 382 (Ala. 1984).
 "On this point, the Court of Criminal Appeals cited Weaver v. State, 678 So.2d 260 (Ala.Crim.App. 1995), rev'd on other grounds, 678 So.2d 284 (Ala. 1996), and other cases for the proposition that this defect was a `technical' defect or error, and correctly concluded that the error was harmless in this particular case, *Page 730 but the error should not be minimized as a mere technicality. A trial court is to impose a sentence of death only after finding that the aggravating circumstance or circumstances outweigh the mitigating circumstance or circumstances. But we conclude in this case, as did the Court of Criminal Appeals, that the `error in the trial court's sentencing order was error without injury.' See 775 So.2d at 902. Certainly, the better practice would be to strictly follow the mandates of the statute when imposing death sentences."
775 So.2d at 907 (emphasis added). The opinion by the Court of Criminal Appeals contains additional procedural facts that explain the opinion by this Court in Melson:
 "We point out that during the penalty phase of the trial before the jury, the trial court correctly instructed the jury on the proper method of weighing the aggravating and mitigating circumstances. Throughout its instructions, the trial court repeatedly informed the jury that the aggravating circumstance must outweigh the mitigating circumstances in order for the jury to recommend the death penalty."
Melson v. State, 775 So.2d 857, 902 (Ala.Crim.App. 1999) (emphasis added). This information reveals that the trial judge himself knew the correct test even though the text of his sentencing order misstated the test.
In the case now before us, the jury instructions erroneously allow the conclusion that the death penalty is appropriateeven if the aggravating circumstances do not outweigh themitigating circumstances so long as the mitigating circumstances do not outweigh the aggravating circumstances. The trial judge in this case did not add the caveat which sufficed in Trawick, supra, that the jury was to "recommend the death penalty only if [the jury] found that the aggravating circumstances outweighed the mitigating circumstances." Trawick, 698 So.2d at 173. Indeed, at the end of the instructions on this topic, the trial judge implicitly told the jury that it might recommend deatheven if the jury did not find anaggravating circumstance at all: "if you do not
find that an alleged aggravating circumstance was proved, that does not automatically or necessarily mean that you should sentence Mr. Bryant to death" (R. 1103, quotedsupra.) (Emphasis added.)
No other instructions by the trial court and no other feature of the record instills us with any confidence that the jury did not, within the parameters of the erroneous instructions, base the death penalty recommendation on a finding that the mitigating circumstances did not outweigh the aggravating circumstances even though the mitigating circumstances did equal the aggravating circumstances. Such a recommendation would be contrary to § 13A-5-46(e). Therefore, the erroneous jury instructions on the topic of weighing the aggravating circumstances and the mitigating circumstances constitute plain error.
 B. Improper Comments by the Prosecutor
Bryant argues that, during the penalty phase, the prosecutor made comments "trivializ[ing] the awesome responsibility of the jury" in recommending the death penalty, as discussed inCaldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633,86 L.Ed.2d 231 (1985). (Brief, p. 28.) Specifically, Bryant complains of the prosecutor's comments about the respective roles of the jury and the judge in sentencing. This claim is addressed as part of Issue IV both in Bryant's brief and in the opinion by the Court of Criminal Appeals. Because the erroneous penalty-phase jury instructions we have already discussed in *Page 731 
Part A of this opinion require us to reverse the sentence (not the adjudication of guilt) and to remand for a new sentencing trial, we need not address this issue about the prosecutor's comments, and we express no opinion on it.
C. Cumulative Error
Finally, Part IX of the opinion of the Court of Criminal Appeals cites Boyd v. State, 715 So.2d 825, 851
(Ala.Crim.App. 1997), aff'd, 715 So.2d 852 (Ala.), to say, "Because no single instance of alleged error constitutedreversible error, we will not consider the cumulative effect to be any greater." Bryant v. State,951 So.2d at 722. This Court has expressly condemned and rejected this proposition. Ex parte Woods, 789 So.2d 941 n. 1 (Ala. 2001). "The correct rule is that, while, under the facts of a particular case, no single error among multiple errors may be sufficiently prejudicial to require reversal under Rule 45, if the accumulated errors have `probably injuriously affected substantial rights of the parties,' then the cumulative effect of the errors may require reversal." Id. (citing Rule 45, Ala. R.App. P.; Ex parte Tomlin, 540 So.2d 668, 672
(Ala. 1988); Blue v. State, 246 Ala. 73, 80,19 So.2d 11, 16-17 (1944); Jetton v. State, 435 So.2d 167
(Ala.Crim.App. 1983); McGriff v. State, 908 So.2d 961,989 (Ala.Crim.App. 2000); United States v. Rivera,900 F.2d 1462, 1470 (10th Cir.1990); and United States v.Canales, 744 F.2d 413, 430 (5th Cir.1984) (parenthetical quotes omitted)). See also Ex parte Ferguson,814 So.2d 970 (Ala. 2001) (Johnstone, J., concurring specially), andEx parte Johnson, 820 So.2d 883 (Ala. 2001) (Johnstone, J., concurring in the result). We again disapprove of this language. However, we do not find that an accumulation of individually non reversible errors in this case "probably injuriously affected the substantial rights" of the defendant in the guilt phase of the trial. Rule 45, Ala. R.App. P. The error in the penalty-phase jury instructions that we have discussed (considered as a whole) is individually so prejudicial as to require reversal, even without application of the cumulative error rule.
 Conclusion
Having reviewed the record and the applicable law, we conclude that the Court of Criminal Appeals correctly addressed all the other issues raised by the defendant. Thus, we affirm the judgment of the Court of Criminal Appeals insofar as it affirms the defendant's conviction. However, because we hold that the trial court erred in the penalty-phase jury instructions as we have explained, we reverse the judgment of the Court of Criminal Appeals insofar as it affirms the defendant's death sentence. We remand for that court to remand the case to the trial court for a new sentencing trial.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., concurs in part and dissents in part.
MOORE, Chief Justice (concurring in part and dissenting in part).
I concur in the Court's decision to affirm Bryant's conviction. I must dissent, however, from the conclusion that the trial court committed reversible error in its instructions to the jury during the penalty-phase of the trial. Just as in Ex parteCothren, 705 So.2d 861, 871 (Ala. 1997), "those instructions, taken as a whole, sufficiently informed the jury of the weighing process required under the law," and thus did not rise to the level of reversible error. (Emphasis added.) See also Ex parte Trawick, 698 So.2d 162
(Ala. 1997). Therefore, I respectfully dissent from the *Page 732 
Court's reversal of the death sentence in this case.