Donald Toney entered a plea of guilty to second-degree theft on June 14, 1999; he was sentenced to 10 years' imprisonment. That sentence was split and Toney was ordered to serve two years' imprisonment. See § 15-18-8, Ala. Code 1975. The balance of the sentence was suspended, and he was placed on probation for five years. One of the conditions of his probation was that he not to leave the State of Alabama without the permission of his probation officer.
On March 12, 2001, Toney was arrested for allegedly violating his probation. At his probation-revocation hearing, the State elicited testimony from a probation officer to the effect that the officer was present in the probation office when agents from a Tennessee car dealership identified Toney from a photograph as the person who had purchased an automobile in Tennessee. Based on this evidence, the trial court found that Toney had left the State of Alabama without permission, and, based on that violation, it revoked Toney's probation. Toney appealed, arguing that the testimony was based on inadmissible hearsay; the Court of Criminal Appeals affirmed, in an unpublished memorandum.Toney v. State, (No. CR-00-2211, Nov. 21, 2001) 851 So.2d 641
(Ala.Crim.App. 2001) (table). Subsequently, Toney filed a petition for a writ of certiorari, which this Court granted.
The record shows that on May 31, 2001, a probation hearing was held at which T.C. Bill, a probation and parole officer for the State of Alabama, testified that he was present in the Huntsville office of probation services when, "agents of a dealership in Brentwood, Tennessee came to the State of Alabama to recover a 2001 Lexus" automobile.[1]
Bill testified:
 "They'd come to speak to Mrs. Morris, who was the supervising probation officer for Mr. Toney at the time, and she had a photograph of Mr. Toney. And they identified Mr. Toney as the man who had given them a piece of paper in exchange for taking the 2001 Lexus from Brentwood, Tennessee.
 ". . . [M]y understanding is that Mr. Toney wrote a check on 10/10/2000 or some time after that date and presented that in payment for the 2001 Lexus and then drove it from the State of Tennessee to the State of Alabama."
According to Bill, Toney never received permission to leave the State of Alabama. When asked if there was any other evidence other than what he heard or saw the agents do, Bill replied that there was not. No check or other writing relating to the alleged Lexus transaction was introduced into evidence, and no criminal charges had been filed against Toney arising out of the transaction involving the Lexus to show that Toney had been outside the State. Bill was the only witness to testify at the hearing. His testimony made it clear that his entire "understanding" of the situation was derived from statements made by agents of the car dealership.
Our analysis begins with an examination of hearsay under the Alabama Rules of Evidence. Rule 801, Ala. R. Evid., provides, in pertinent part:
"The following definitions apply under this article: *Page 39 
 "(a) Statement. A `statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion.
 "(b) Declarant. A `declarant' is a person who makes a statement.
 "(c) Hearsay. `Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."
Rule 802, Ala. R. Evid., provides, in pertinent part:
 "Hearsay is not admissible except as provided by these rules, or by other rules adopted by the Supreme Court of Alabama or by statute."
However, Rule 27.6(d)(1), Ala.R.Crim.P., provides, in pertinent part, that at a probation-revocation hearing "[t]he court may receive any reliable, relevant evidence not legally privileged, including hearsay."
In his brief to this Court, Toney argues that "'[t]he use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.'" QuotingClayton v. State, 669 So.2d 220, 222 (Ala.Crim.App. 1995). He also citesMallette v. State, 572 So.2d 1316, 1317 (Ala.Crim.App. 1990), and Chasteenv. State, 652 So.2d 319, 320 (Ala.Civ.App. 1994), for the proposition that hearsay evidence cannot be the sole basis for revoking a defendant's probation.
The State readily acknowledges the validity of Toney's argument, stating in its brief to this Court:
 "`Hearsay evidence may be admitted [at a revocation hearing] in the discretion of the court. . . .' Puckett v. State, 680 So.2d 980, 981 (Ala.Crim.App. 1996). It is well settled, however, that hearsay evidence may not form the sole basis for revoking an individual's probation. See Clayton v. State, 669 So.2d 220, 222 (Ala.Crim.App. 1995). `The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation.' Goodgain v. State, 755 So.2d 591, 592
(Ala.Crim.App. 1999)."
The State argues, however, that the trial court had non-hearsay evidence before it upon which to base its decision, namely, Bill's testimony relating the agents' identification of Toney. After acknowledging that "[h]earsay testimony consists of an out-of-court statement offered to prove the truth of the matter asserted," the State notes that "[a] statement offered for some other purpose other than to prove the truth of the matter of its factual assertion is not hearsay." The State attempts to fit Bill's testimony within that exception by asserting:
 "The State's evidence against Toney was not entirely hearsay because Bill's testimony that the agents from the car dealer came to his office and identified Toney as a person who had purchased a vehicle was not a factual assertion that Toney had gone into Tennessee. Instead, it was an assertion that agents from the car dealership identified Toney as someone who had come to the dealership, purchased a vehicle and drove the vehicle back to Alabama. Bill's testimony that the agents made the statement was the only factual assertion made by Bill. This factual assertion was not hearsay because it was based upon Bill's personal knowledge that the agents made the statement in his presence.
 "Furthermore, Bill's testimony did not constitute hearsay evidence because his testimony was not offered to prove the truth of whether Toney had gone to *Page 40 
Tennessee to purchase the vehicle. It was offered to prove that Toney was identified by agents of the car dealership as the person who purchased the vehicle in Tennessee and drove it to Alabama."
The Court of Criminal Appeals made this same analysis in its unpublished memorandum affirming the revocation. After accurately summing up the operative evidence as being that "[t]he agents identified Toney from a photograph, in Bill's presence, as the person who [had] bought the Lexus from their dealership," that court reasoned that "Bill's testimony was not offered to prove the truth of whether Toney had left the State to purchase the vehicle; rather, it was offered to prove that Toney was identified by agents of the Tennessee dealership as the person who [had] bought the vehicle."
This focus on Bill's testimony as concerning only what he personally heard misses the point. It is the out-of-court statement of the agents of the Tennessee car dealership that must be the object of a hearsay analysis. As noted, under Ala. R. Evid. 801, the oral assertion of the agents (and any accompanying nonverbal conduct by them intended as an assertion, such as possibly pointing to the photograph in connection with their oral assertion) would constitute hearsay if it was offered at the revocation hearing "to prove the truth of the matter asserted." As quoted above, the State's position is that Bill's testimony was "not offered to prove the truth of whether Toney had gone to Tennessee to purchase the vehicle"; rather, "[i]t was offered to prove that Toney was identified by agents of the car dealership as the person who purchased the vehicle in Tennessee and drove it to Alabama."
What this Court had to say in Ex parte Melson, 775 So.2d 904, 906
(Ala. 2000), by way of a footnote, is timely and pertinent. In that case, as here, the State argued that the testimony of a witness concerning an out-of-court statement by a third party did not constitute hearsay because it was not being "offered in evidence to prove the truth of the matter asserted." 775 So.2d at 906. This Court disagreed with that assessment of the purpose for which the testimony had been offered, concluding that the statement "[fell] within the definition of `hearsay' at Rule 801(c), Ala. R. Evid., and that it was, therefore, inadmissible."775 So.2d at 907. The Court went on to conclude however, that the action of the trial judge in sustaining the defendant's objection to the testimony, followed by its instruction to the jury to disregard the answer, in its canvassing of the jury to ascertain if any of its members would "have any problem with disregarding that," 775 So.2d at 906 n. 1, removed any possible prejudice. In footnote two of the opinion, this Court gave the following admonition:
 "We urge vigilance in evaluating any offer of testimony about an out-of-court declaration `not for the truth of the matter asserted.' The admissibility of such testimony depends on its being relevant to a proper purpose in the case. The first inquiry should be: `if the out-of-court declaration is not offered for its truth, is whatever the declaration does tend to prove really at issue in the particular proceeding?'"
775 So.2d at 907 n. 2.
For what purpose was Bill's testimony that the agents of the Tennessee car dealership identified Toney from a photograph offered in evidence? We can discern no purpose other than proving that Toney had in fact been in Tennessee. That testimony had absolutely no other relevance to the proceeding. Further, if we assume for the sake of argument that its purpose was not to prove that Toney had been in Tennessee, *Page 41 
then that proof would not otherwise have been available in the evidence. In that situation, there would be absolutely no evidence from which the trial judge could be "reasonably satisfied," pursuant to Rule 27(6)(d)(1), Ala.R.Crim.P., of the truth of the charge that Toney had left the State of Alabama by virtue of his having been in Tennessee.
The situation presented by this case is analogous to that in Mitchellv. State, 462 So.2d 740 (Ala.Crim.App. 1984). In that case Mitchell's probation was revoked because of the nature of the evidence adduced at the revocation hearing. His probation supervisor Billy Cockes, testifying from his report, stated that Mitchell had been arrested and charged with burglary and had "reportedly admitted his guilt to arresting officers."462 So.2d at 741. Cockes "testified that he had no personal knowledge of the incidents recorded in the report." 462 So.2d at 741. Police Officer Gregory Sexton testified at the hearing that witnesses had pointed out two men who were subsequently arrested, and that one of the arrestees was Mitchell. Officer Sexton stated that he was not present when Mitchell made a statement. The Court of Criminal Appeals identified the question before it as:
 "[W]hether the testimony of Officer Sexton, when added to the evidence revealed by the probation officer's testimony and report, provided sufficient evidence to support Mitchell's probation revocation."
462 So.2d at 742. That court, in holding that the evidence was not sufficient to support the revocation of probation, noted:
 "This court has held that `probation cannot be revoked solely upon hearsay evidence.' Moore v. State, 432 So.2d 552 (Ala.Crim.App. 1983); Watkins v. State, 455 So.2d 160 (Ala.Crim.App. 1984). The only evidence presented against Mitchell in this hearing was hearsay. Neither the victim, nor any other witness who could have identified [Mitchell] as the perpetrator of the crime, testified. Although Probation Officer Cockes said that his report indicated Mitchell had made an inculpatory statement to police, no other evidence was offered to support this allegation. Officer Sexton was not present when the crime was committed, and he arrested Mitchell solely upon the information given to him by others."
462 So.2d at 742. Similarly, in Mallette, supra, Mallette's probation was revoked on the basis of two laboratory reports showing the presence of marijuana in his urine. The Court of Criminal Appeals held that the trial court's relying solely on two laboratory reports to revoke probation, without the testimony of the persons who actually performed the tests, denied Mallette due process.
Although "identification" evidence can sometimes legitimately be admissible for a purpose other than to prove the truth of the matter asserted, see McElroy's Alabama Evidence § 273.01(2) (5th ed. 1996), the State has not suggested any "other" purpose for which the statements by the agents of the dealership were offered into evidence. We are clear to the conclusion, arrived at through logic and the process of elimination, that the out-of-court statements of the dealership agents were offered to prove the truth of the matter asserted, i.e., that Toney had been in Tennessee. Either way — whether the statement, which was the sole basis for finding that Toney had violated his probation, was offered to prove the truth of the matter asserted, or whether it was not offered to prove the truth of the matter asserted, thereby eliminating any evidentiary basis for a finding that Toney had left the State — the order revoking probation cannot be sustained. Accordingly, we reverse *Page 42 
the judgment of the Court of Criminal Appeals affirming the revocation order, and we remand this case for that court to enter a judgment reversing that order.
REVERSED AND REMANDED.
Houston, See, Lyons, Brown, Johnstone, Woodall, and Stuart, JJ., concur.
Moore, C.J., concurs in the result.
[1] The record does not reveal why the agents sought the return of the car.